ROBERT L. ALLUM, Appellant, *v.* VALLEY BANK OF NEVADA, VALLEY CAPITAL CORPORATION, VALLEY MORTGAGE COMPANY, KENNETH CALLAHAN, ARTHUR DANIEL RYSSMAN and PERRY DILORETO, Respondents.

No. 23394

ROBERT L. ALLUM, Appellant, *v.* VALLEY BANK OF NEVADA, a Nevada State Chartered Banking Association; NEVADA FIRST DEVELOPMENT CORPORATION, a Banking Holding Company and a Nevada Corporation; VALLEY MORTGAGE COMPANY, a Mortgage Company and Wholly Owned Subsidiary of Valley Bank of Nevada; KENNETH CALLAHAN and ARTHUR DANIEL RYSSMAN, Respondents.

No. 24604

ROBERT L. ALLUM and J.D. JENKINS, Appellants, *v.* BANK OF AMERICA NEVADA and NEVADA FIRST DEVELOPMENT, Respondents.

No. 25594

May 3, 1996                                        915 P.2d 895

*Kenneth J. McKenna,* Reno; *Robert L. Allum,* In Proper Person, Sparks; *J.D. Jenkins,* In Proper Person, Reno, for Appellants.

*Scarpello & Alling* and *Rick Oshinski,* Carson City; *Beasley, Holden & Kern,* Reno, for Respondents.

## OPINION

*Per Curiam:*

On February 14, 1995, this court received appellant Robert Allum's proper person petition for leave to file motions to disqualify all of the Supreme Court Justices from participating in his three appeals and vacating all orders previously entered. On the same day, this court received two proper person motions from Allum: (1) a motion to disqualify JUSTICE ROSE from participating in Docket Nos. 23394, 24604 and 25594 and to vacate all orders entered in these cases; and (2) a motion to disqualify CHIEF JUSTICE STEFFEN and JUSTICES SHEARING, YOUNG and SPRINGER from participating in Docket Nos. 23394, 24604, and 25594 and to vacate all orders entered in these cases.

Allum alleges that JUSTICE ROSE was disqualified from participating in his appeals because JUSTICE ROSE and a tavern that he owned were financially indebted to Bank of America for a first deed of trust on land and buildings in Henderson, Nevada. Preliminarily, we note that Allum's motions are procedurally deficient. Allum submitted his disqualification motions approximately eighteen months after his appeal in Docket No. 23394 was resolved and eight months after his appeal in Docket No. 25594 was dismissed. NRAP 35(a) states, in relevant part, that

[i]n cases or proceedings before the Supreme Court of Nevada, motions and charges seeking the disqualification or recusal of a justice must not be based on any ground that the moving party has theretofore omitted to raise formally as soon as possible after receiving either actual or constructive notice thereof.

Allum admits that he learned of a connection between JUSTICE ROSE and Bank of America as early as November 12, 1993. Attached to Allum's disqualification motions are JUSTICE ROSE's financial disclosure statements for 1991, 1992 and 1993. These public documents reflect that Valley Mortgage Co./Bank of America is a creditor of JUSTICE ROSE and the tavern. Thus, it appears that Allum had, at the very least, constructive notice of the loan long before he filed his disqualification motions.

Although we could deny Allum's motions solely on his lack of compliance with NRAP 35, we conclude that his motions lack substantive merit as well.[1] Canon 3E of the Nevada Code of Judicial Conduct provides, in pertinent part, that

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

. . . .

(c) the judge knows[] that he or she, individually or as a fiduciary, . . . has an economic interest[] in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis[] interest that could be substantially affected by the proceeding. . . .

In addition, NRS 1.225 provides, in part, as follows:

2. A justice of the supreme court shall not act as such in an action or proceeding when implied bias exists in any of the following respects:

(a) When he is a party to or interested in the action or proceeding.

Here, any interest that JUSTICE ROSE had in Bank of America would not have been substantially affected by the outcome of Allum's appeals and was therefore too attenuated to require

---

[1] In spite of Allum's failure to comply with NRAP 35, we direct the clerk of this court to file Allum's proper person petition and motions for disqualification, which this court received on February 14, 1995. We also direct the clerk of this court to file Allum's proper person certificate of service, which this court received on February 24, 1995. Finally, we direct the clerk of this court to file respondents' objection and the joinder of Perry DiLoreto, which this court received on February 24, 1995, and March 2, 1995, respectively.

disqualification. *See* Madsen v. Prudential Federal Savings & Loan, 767 P.2d 538 (Utah 1988) (concluding that judge who had mortgage with party did not have disqualifying, direct interest in outcome of litigation); *see also* In re Drexel Burnham Lambert Inc., 861 F.2d 1307 (2d Cir. 1988), *cert. denied sub nom.* Milken v. S.E.C., 490 U.S. 1102 (1989); Herrington v. Sonoma Cty., 834 F.2d 1488 (9th Cir. 1987), *opinion amended on unrelated grounds and reh'g denied,* 857 F.2d 567 (9th Cir. 1988), *cert. denied,* 489 U.S. 1090 (1989); In re New Mexico Natural Gas Antitrust Litigation, 620 F.2d 794 (10th Cir. 1980); In re Virginia Elec. & Power Co., 539 F.2d 357 (4th Cir. 1976).

Allum also asserts that the justices of this court have demonstrated actual bias through their rulings in his appeals. We have specifically held that a judge is not disqualified merely because of his or her judicial rulings. In re Petition to Recall Dunleavy, 104 Nev. 784, 789-90, 769 P.2d 1271, 1275 (1988), *cited in* Ainsworth v. Combined Insurance Co., 105 Nev. 237, 255, 774 P.2d 1003, 1016, *cert. denied,* 493 U.S. 958 (1989). The United States Supreme Court has recently reiterated that "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). Consequently, Allum's contention is meritless.

Finally, Allum nebulously maintains that in light of JUSTICE ROSE's failure to disqualify himself, the other justices are disqualified because they did not take "appropriate action." As JUSTICE ROSE had no disqualifying interest, this argument is specious. Furthermore, Allum has not even attempted to meet his burden under NRS 1.225 of setting forth sufficient factual grounds demonstrating this court's bias. *See* Goldman v. Bryan, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (1988).

For the foregoing reasons, we deny Allum's motions for disqualification.

SPRINGER, J., dissenting:

In the titled cases, appellant Allum has moved to disqualify all of the members of the state supreme court. Insofar as the motion to disqualify me is concerned, I disqualify myself from sitting in judgment on the matter. I firmly believe that the other members of the court should do likewise and that any adjudications relating to motions to disqualify individual members of the court should be made without the participation of the justice whose qualifications are being challenged. Whatever may be the merits of the majority opinion, I certainly do not think that my name should

appear on any order which rules on my own qualifications; therefore, I decline to participate in the majority opinion.