LESLIE MARTIN, Appellant, v. CRAIG STEPHEN BECK, GREGORY LYNN BECK and DONA-LIS WALLER as Co-Executors of the Estate of DON BECK, Deceased, Respondents.

No. 27205

May 3, 1996        915 P.2d 898

*Kenneth J. McKenna*, Reno, for Appellant.

*Mortimer, Sourwine & Sloane, Ltd.*, Reno, for Respondents.

## OPINION

By the Court, Shearing, J.:

Appellant Leslie Martin has submitted a motion to disqualify Justice Rose from participating in her appeal. Martin's motion

is based on two alleged grounds: (1) that JUSTICE ROSE has filed a perjury complaint against her counsel, Kenneth J. McKenna, with the Attorney General's Office; and (2) that JUSTICE ROSE has a personal bias against McKenna as demonstrated in JUSTICE ROSE's response to the motion to disqualify him in *Snyder v. Viani*, Docket No. 27326.

We first note that Martin's motion is procedurally deficient. NRAP 35(a) requires that a disqualification motion

> contain the certificate of the attorney, as an officer of the court, reciting specifically under oath that the attorney has read the motion . . . and supporting documents, that they all are in the form required by this rule, that based on personal investigation the attorney believes all grounds asserted to be legally valid and all supporting factual allegations to be true, and that the motion is made in good faith and not for purposes of delay or for other improper motive.

Martin's motion includes no attorney's certificate, and this failure to comply with NRAP 35(a) is sanctionable. *See* NRAP 35(e). Although we could reject Martin's motion on the procedural deficiency alone, we conclude that her motion lacks substantive merit as well.[1]

Nevada Code of Judicial Conduct ("NCJC") Canon 3E provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer." The NCJC's preamble provides that it should be applied consistently with "constitutional requirements, statutes, other court rules and decisional law and in the context of all relevant circumstances," and that it is "to be construed so as not to impinge on the essential independence of judges in making judicial decisions."

This court has previously concluded that

> [i]n a small state such as Nevada, with a concomitantly limited bar membership, it is inevitable that frequent interactions will occur between the members of the bar and the judiciary. Thus, allegations of bias based upon a judge's associations with counsel for a litigant pose a particularly onerous potential for impeding the dispensation of justice.

---

[1]In spite of Martin's failure to comply with NRAP 35, we direct the clerk of this court to file Martin's motion to disqualify JUSTICE ROSE, which this court received on August 9, 1995.

In re Petition to Recall Dunleavy, 104 Nev. 784, 790-91, 769 P.2d 1271, 1275 (1988). Therefore, although NCJC Canon 3 requires disqualification when a judge has a personal bias against a party's attorney, allegations of such bias must be carefully scrutinized so that the independence of Nevada's judiciary is not impeded.

In the present case, we are not convinced that McKenna has demonstrated that JUSTICE ROSE has a disqualifying personal bias against him. The Court of Appeals for the First Circuit has recognized that "[a] judge who believes misconduct has occurred has a responsibility to act. If a counsel oversteps his bounds, delay in issuing warnings or taking action may lead to matters getting further out of hand . . . ." In re Cooper, 821 F.2d 833, 843 (1st Cir. 1987). Additionally, courts have concluded that a judge's referral of an attorney to the state disciplinary board does not constitute disqualifying bias against the attorney. *See, e.g.*, State v. Mata, 789 P.2d 1122 (Haw. 1990).

We conclude that under the circumstances presented here, JUSTICE ROSE could reasonably have determined that he had a responsibility to act and that his alleged actions regarding McKenna's possible perjury do not demonstrate a disqualifying bias against McKenna. Accordingly, appellant Martin's motion to disqualify JUSTICE ROSE is denied.

STEFFEN, C. J., YOUNG and ROSE, JJ., concur.

ROSE, J., concurring:

I concur to address the statements made by JUSTICE SPRINGER in his concurrence and dissent.

I merely informed law enforcement authorities that a Clark Santini had filed an affidavit indicating that Kenneth McKenna had actual knowledge of my bar ownership prior to our decision in the Viani case, contrary to McKenna's claim under oath. It appeared that a crime may have been committed by an attorney and I reported it to the appropriate law enforcement authorities as any citizen should and a judge is obligated to pursuant to the Nevada Code of Judicial Conduct, Section 3D(2).

JUSTICE SPRINGER also objects to my participating in this case; but it seems very hypocritical for JUSTICE SPRINGER to object to my participation in this motion to disqualify when this is precisely what JUSTICES STEFFEN and SPRINGER did when the Attorney General filed a motion against them claiming a disqualifying personal and financial interest in the Whitehead case. Whitehead v. Comm'n on Jud. Discipline, 110 Nev. 380, 422-29, 873 P.2d 946, 972-77 (1994).

SPRINGER, J., concurring in part and dissenting in part:

I concur in that part of the majority opinion which holds that Martin has not complied with NRAP 35(a) when he failed to file the required "certificate of attorney." This, however, is a minor procedural irregularity which can be easily cured merely by allowing Martin to comply with this procedural requirement.

The majority justices state that they are "not convinced that McKenna has demonstrated that JUSTICE ROSE has a disqualifying personal bias against him." The problem with the majority opinion is that one of the majority justices is JUSTICE ROSE, who, again, is not only sitting in judgment of his own qualifications, he is the deciding or "swing vote" in making the decision. (For other cases in which JUSTICE ROSE has recently insisted upon sitting in judgment on cases involving factual and legal disputes relating to his qualifications, see, for example, Hogan v. Warden, 112 Nev. 553, 916 P.2d 805 (1996); Snyder v. Viani, 112 Nev. 568, 916 P.2d 170 (1996); Allum v. Valley Bank of Nevada, 112 Nev. 591, 915 P.2d 895 (1996).

I am not prepared to discuss the question of whether JUSTICE ROSE's pursuing[1] of criminal charges against appellant's attorney, while his appeal was pending, is sufficient to disqualify JUSTICE ROSE. I know that I would feel very uncomfortable if I were a lawyer arguing a case before the supreme court, if one of the deciding justices was at the time pressing criminal charges against me. It is not necessary to decide this question now, however, when it is so clear that JUSTICE ROSE should not hear and decide this motion challenging his qualifications. If JUSTICE ROSE had decided to remove himself from the decision-making process in the pending motion to disqualify him, I would have been pleased to deliberate matters relating to his qualifications with the remaining majority and to express my views in the appropriate manner. I am concerned now only with the propriety of JUSTICE ROSE sitting in judgment of himself[2]; therefore, I will

---

[1] JUSTICE ROSE did not actually file a criminal complaint against Mr. McKenna, but, according to JUSTICE ROSE, he merely "reported to law enforcement authorities" incriminating information about Mr. McKenna that he had received from one of his campaign managers.

[2] I deeply regret that JUSTICE ROSE in his concurring opinion has reduced himself to name-calling, accusing me of being "hypocritical" when I object to his participation in the motion to disqualify him. As in other recent cases, JUSTICE ROSE does not seem to realize that disputed factual and legal issues relating to his impartiality should be resolved by some person other than himself. With regard to JUSTICE ROSE's suggestion that I have ruled in matters relating to my own qualifications, this is simply not true; and even if it were, it would not justify JUSTICE ROSE in acting as his own judge. In the case mentioned by JUSTICE ROSE in his concurring opinion, I withdrew from participating in the decision on the motion to disqualify me. The motion was

simply dissent only on the ground that JUSTICE ROSE is not qualified to sit in judgment of his own qualifications.

denied (four times) by JUSTICE SHEARING, SENIOR JUSTICE ZENOFF and District Judge Guy. I did not participate in these decisions. In the *Whitehead* opinion, I did join in ruling that, once the motions challenging my qualifications had been finally decided by an impartial panel, the moving party was not entitled to a hearing on the matter. *Whitehead* has no relevance of any kind to the present case.