An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ARMAN IZADI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63672

FILED

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted battery with substantial bodily harm. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.[1]

Appellant Arman Izadi entered into a guilty plea agreement, wherein the State agreed not to oppose probation or make a recommendation as to whether to treat the charged crime as a gross misdemeanor or a felony; however, if an independent magistrate confirmed probable cause against Izadi for new criminal charges, the State was released from its promise and was free to argue for any legal sentence. Izadi pleaded guilty pursuant to the agreement and was granted bail pending sentencing. After a magistrate confirmed probable cause against Izadi for new charges in an unrelated case, the district court revoked his bail pending a hearing, and formally revoked his bail at the conclusion of the hearing. At sentencing, the State asserted that the

___

[1]This court did not consider any documents improperly included in the appendix when resolving this appeal. *See* NRAP 30(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19097

magistrate's probable cause determination released it from its promise not to oppose probation and, over Izadi's objection, argued for a sentence of 19-48 months' imprisonment.

First, Izadi contends that the district court erred by revoking his bail before conducting a hearing and relying on the wrong standard of proof at the hearing. We conclude that no relief is warranted because Izadi fails to demonstrate that he had a constitutional or statutory right to bail after he pleaded guilty, *see* NRS 178.484 (recognizing the "[r]ight to bail before conviction"); NRS 176.015(1) (providing the district court with discretion to grant bail pending sentencing); *Bergna v. State*, 120 Nev. 869, 872, 102 P.3d 549, 551 (2004) (recognizing that there is no constitutional right to bail after conviction), or that the district court abused its discretion by revoking his bail.

Second, Izadi contends that the district court erred by failing to conduct an evidentiary hearing before allowing the State to argue at sentencing. Izadi asserts that the failure to conduct a hearing prevented him from presenting evidence that the State knew of the facts which led to the new charges prior to entry of his plea. We conclude that no relief is warranted. While some of the new charges may have been based on conduct which occurred prior to entry of the plea, a majority of the charges were the result of acts which were alleged to have occurred after entry of the plea. Because the agreement clearly authorized the State to argue under the circumstances, an evidentiary hearing was not required and the district court did not err. *See Sparks v. State*, 121 Nev. 107, 111, 110 P.3d 486, 488 (2005).

Third, Izadi contends that the district court erred by allowing the State to argue at sentencing because the "stay out of trouble" provision

is illusory and was negotiated in bad faith, violating his right to due process and rendering the agreement "constitutionally deficient." We decline to consider these contentions because they challenge the validity of the plea and are not properly raised on direct appeal from a judgment of conviction. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986) ("A] defendant must raise a challenge to the validity of his or her guilty plea in the district court in the first instance, either by bringing a motion to withdraw the guilty plea, or by initiating a post-conviction proceeding.").

Fourth, Izadi contends that he was prejudiced at sentencing because the district court (1) demonstrated bias by revoking his bail, (2) demonstrated bias by interrupting and chiding counsel, and (3) relied on an inaccurate presentence investigation report (PSI).

This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). At the initial sentencing hearing, counsel for Izadi noted that the PSI inaccurately described a prior misdemeanor as a felony and sentencing was continued. At the subsequent hearing, counsel reminded the district court of the error, identified circumstances mitigating the offense, and noted that Izadi did not have a serious criminal record. Counsel also expressed concern that the district court would base its sentencing determination on the acts alleged in his new case. The district court responded that it did not know the facts of the new case and was only considering the facts of the case before it, and imposed a prison term of 12 to 34 months. The sentence is within the parameters provided by statute, *see* NRS 193.130(2)(d); NRS 193.330(1)(a)(4); NRS 200.481(2)(b), and lower than that requested by the

State. Izadi fails to demonstrate that the district court possessed impermissible bias, *see Allum v. Valley Bank of Nevada*, 112 Nev. 591, 594, 915 P.2d 895, 897 (1996) (procedural rulings "almost never" indicate bias (internal quotation marks omitted)); *see also Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998) ("[R]emarks of a judge made in the context of a court proceeding are not considered indicative of improper bias or prejudice unless they show that the judge has closed his or her mind to the presentation of all the evidence."), or that it based its sentencing determination on facts supported "only by impalpable or highly suspect evidence," *see Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Pickering

_____, J.          _____, J.
Parraguirre                                              Saitta

---

[2]The fast track statement and reply do not comply with the formatting requirements of NRAP 32(a)(4) because the text in the body of the briefs, excluding headings, footnotes, and quotations, is not double-spaced, and the briefs do not have margins of at least 1 inch on all four sides. *See* NRAP 3C(h)(1) (requiring fast track filings to comply with the provisions of NRAP 32(a)(4)-(6)). We caution Izadi's counsel that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Douglas Smith, District Judge
Gordon Silver
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A