**UNITED STATES of America, Appellee,**

v.

**Philip A. DIORIO, Defendant-Appellant.**

**No. 259, Docket 71-1731.**

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1971.

Decided Nov. 19, 1971.

Certiorari Denied Feb. 28, 1972.

See 92 S.Ct. 1173.

---

Jacob P. Lefkowitz, New York City, for appellant.

Shirah Neiman, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, Walter S. Rowland, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, HAYS and OAKES, Circuit Judges.

PER CURIAM:

We affirm the conviction of appellant under 18 U.S.C. § 152 on one count charging him with making a false oath on a material matter in a bankruptcy proceeding and a second count charging him with making a false oath in an affidavit in the same proceedings. The "Statement of Affairs" annexed to appellant's petition in bankruptcy failed to disclose any interest of his in "D" Concrete Construction Corporation, and appellant's subsequent affidavit denied any interest in "D" Construction Corporation. In fact, for two years appellant had had a 50 per cent interest in, and had been president of, "D" Concrete Construction Corporation.

The evidence plainly supported the conviction. With respect to the count

for failure to disclose, appellant claimed a loss of memory because the "D" Concrete Construction Corporation had been out of business for two years before the "Statement of Affairs" was filed. Appellant had, however, listed on his statement the Elite Construction Corporation, another defunct company which had transferred certain assets to "D," indicating a clear awareness on his part of the necessity of listing defunct corporations in which he had interests. In respect to the affidavit count appellant claimed that his affidavit was true in that the interest he had had was really in "D" *Concrete* Construction Corporation, *i. e.*, that there was no "D" *Construction* Corporation. But in the very affidavit in which he swore that he had had no interest in "D" Construction Corporation (or another corporation, not relevant here) appellant also said, "The principal officer, stockholder and director of both of the aforesaid corporations is my brother Thomas Diorio. * * *" Since there never was a "D" Construction Corporation, the jury was entitled to believe—as the Government argued—that if appellant thought his brother was an officer and stockholder in "D" Construction Corporation, he must also have thought that the name stood for "D" *Concrete* Construction Corporation (perhaps as a result of a mistake on the part of his attorney, who prepared the affidavit while appellant was in Puerto Rico). Thus, his statement that he had no interest in the corporation was correctly labeled false by the jury.

■ Proof of later similar acts in the nature of falsely denying his interest in other companies was admissible against appellant, in the trial court's discretion, for the limited purpose of showing his willful intent and motive. Metheany v. United States, 390 F.2d 559, 563 (9th Cir.), cert. denied, 393 U.S. 824, 89 S.Ct. 81, 21 L.Ed.2d 94 (1968); United States v. Knohl, 379 F.2d 427, 438–439 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967); United States v. Blount, 229 F.2d 669, 671–672 (2d Cir. 1956); *see* 2 J. Wigmore, Evidence §§ 302, 340, 371 (3d ed. 1940).

■ The court's charge regarding appellant's recantation simply left to the jury the question whether the recantation was "prompted by an honest discovery of an earlier mistake" on the one hand or, on the other hand, "by the realization that the jig was up and that the falsity had already been uncovered or was about to be uncovered by others." This charge was proper in light of evidence that the Referee had asked appellant's attorney to submit the affidavit and a year later had asked appellant to appear for further interrogation, at which time disclosure of appellant's half ownership was made. Because a recantation does not in and of itself cure an original false statement under oath, United States v. Norris, 300 U.S. 564, 573, 57 S.Ct. 535, 81 L.Ed. 808 (1936), the court necessarily had to explain the possible inferences.

■ The court's charge, in accordance with defendant's request to instruct the jury that "fraudulently" means with intent to deceive, was clearly not "plain error" within Fed.R.Crim.P. 52(b). In re Slocum, 22 F.2d 282, 285 (2d Cir. 1927); *cf.* Morris Plan Indus. Bank v. Finn, 149 F.2d 591, 592 (2d Cir. 1945). The materiality of a statement concerning the possible assets of a voluntary bankrupt is obvious. Metheany v. United States, *supra*.

■ Appellant did not maintain on oral argument or incorporate as an argument in his brief the allegation, made in the brief's "Statement of the Case," that, because the trial court had upheld a creditor's objections to appellant's discharge in the civil bankruptcy proceeding, it had "prejudged" the criminal case. Appellant's motion to disqualify was made under the gun of immediate trial by counsel who had been in the case for four months. The civil case was In re Diorio, 297 F.Supp. 842 (S.D. N.Y.1968), a decision upheld by this court in a *per curiam* opinion referring to the trial court's opinion as "temper-

ate." Diorio v. Kreisler-Borg Construction Co., 407 F.2d 1330 (2d Cir. 1969). No affidavit alleging bias or prejudice was filed under 28 U.S.C. § 144, and there is no indication that the issue was seriously pressed below; nevertheless we note that a trial judge is equally obligated *not* to recuse himself when the facts do not give fair support to a charge of prejudgment, as he is to excuse himself when the facts warrant such action. United States v. Tropiano, 418 F.2d 1069, 1077 (2d Cir. 1969), cert. denied, 397 U.S. 1021, 90 S.Ct. 1258, 25 L.Ed.2d 530 (1970) (trial judge's presiding at bail hearing where defendants' criminal records disclosed no grounds for disqualification). A diligent search of the record and transcript fails to reveal any indication of any bias or prejudice demonstrated by the trial judge, which perhaps explains why the issue was to all intents and purposes abandoned in this court, if not below as well.

Judgment affirmed.