IN THE MATTER OF THE PETITION TO RECALL PHILIP H. DUNLEAVY FROM THE OFFICE OF DISTRICT ATTORNEY OF NYE COUNTY, NEVADA.

No. 19510

December 29, 1988

769 P.2d 1271

*Peter L. Flangas,* Las Vegas, for Petitioner.

*Philip H. Dunleavy,* District Attorney, Nye County, for Movant.

## OPINION

*Per Curiam:*[1]

On November 1, 1988, the Honorable William P. Beko, district judge of the Fifth Judicial District Court, submitted to this court a Notice of Filing of Peremptory Challenge of District Judge and Request for Instructions or Assignment. *See* SCR 48. The peremptory challenge to Judge Beko had been tendered below in proceedings before the district court concerning a petition to recall the District Attorney of Nye County, Philip H. Dunleavy. On November 10, 1988, this court issued an administrative order assigning the Honorable Thomas L. Stringfield, a judge of the Fourth Judicial District Court, to preside over those proceedings. Judge Stringfield subsequently entered an order approving the validity of the petition seeking Dunleavy's recall from office. Dunleavy has challenged that order in this court by way of a petition for extraordinary relief in Docket No. 19581 and by way of a purported appeal in Docket No. 19620.

On November 10, 1988, Sheriff Harold A. Davis filed in this court a petition for supplemental relief requesting this court to assign Judge Stringfield to preside over another matter pending in the Fifth Judicial District Court related to the above-mentioned civil proceedings. Specifically, in the interests of judicial economy and expediency, Davis requested the assignment of Judge Stringfield to preside over habeas corpus proceedings below in which Davis has challenged certain criminal charges instituted against him by Dunleavy. Because the matters were related, and

---

[1]These motions were previously denied in an unpublished order of this court. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our unpublished order filed December 29, 1988.

because it would promote the efficient administration of justice, JUSTICE CLIFF YOUNG, in his capacity as acting chief justice, issued a supplemental administrative order in Docket No. 19510 on December 14, 1988, granting Davis' request and assigning Judge Stringfield to preside over those proceedings as well. *See* Nev. Const. art. 6, § 19(1)(b). On December 21, 1988, District Attorney Dunleavy filed a motion with this court seeking the recusal or disqualification of JUSTICE YOUNG from this court's review of the above-mentioned proceedings. Additionally, Dunleavy requests us to vacate the above-mentioned administrative order entered in Docket No. 19510. As set forth below, we hereby deny Mr. Dunleavy's motion.

## I. *THE MOTION TO VACATE ADMINISTRATIVE ORDER*

Mr. Dunleavy's motion to vacate is, in essence, a motion requesting reconsideration of this court's administrative order of December 14, 1988. *See* NRAP 40. Rehearing of a prior determination of this court is warranted only when "the court has overlooked or misapprehended a material matter" or "[i]n such other circumstances as will promote substantial justice." NRAP 40(c)(2)(i) and (ii). Mr. Dunleavy's motion establishes neither of these essential prerequisites.

Mr. Dunleavy first complains that no authority exists in support of this court's administrative action. To the contrary, however, the challenged order specifically cited Article 6, § 19(1)(b) of the Nevada Constitution, which by designating the chief justice as the "administrative head of the court system" and empowering the chief justice to "[a]ssign district judges to assist in other judicial districts," clearly implies inherent power to take actions reasonably necessary to administer justice efficiently, fairly, and economically, *See, e.g.,* Goldman v. Bryan, 104 Nev. 644, 654 n. 7, 764 P.2d 1296 (1988). Here, Sheriff Davis tendered considerations relating to the efficient and economical administration of justice within the Fifth Judicial District. Upon a determination that those considerations *alone* justified such action, ACTING CHIEF JUSTICE YOUNG issued the order assigning Judge Stringfield, who had previously been assigned to preside over related civil litigation, to preside as well over proceedings concerned with the sheriff's habeas corpus petition. That determination was in no manner grounded upon allegations of bias or prejudice that had been tendered against Judge Beko by Davis. The arguments set forth in the instant motion, therefore, completely fail to address the administrative considerations upon which JUSTICE YOUNG's determination was based. Consequently,

far from establishing that this court overlooked or misapprehended any material matters, the instant motion instead demonstrates that Mr. Dunleavy has failed to discern the constitutional basis underlying the order in issue.

Second, Dunleavy alleges that because JUSTICE YOUNG provided neither him, nor Judge Beko, an opportunity to address the alleged insufficiency of the sheriff's petition, the administrative order was entered in violation of the procedures set forth in NRS 1.235(5)(b). As noted above, however, the issuance of the administrative order was grounded upon considerations of judicial economy and expediency, and the allegations of bias and prejudice played no part in that determination. Further, to date, neither Mr. Dunleavy, nor Judge Beko, has tendered to this court any suggestion that the assignment of Judge Stringfield would in any manner prejudice the administration of justice or the litigants.

Moreover, we view as insubstantial Mr. Dunleavy's further complaint that because this court did not reply to his letter of November 16, 1988, we thereby denied his "request" for an "opportunity to respond" to the sheriff's petition for supplemental relief. In fact, Mr. Dunleavy's letter, directed to this court's clerk, merely indicated Dunleavy was in receipt of the sheriff's petition and inquired whether:

> the Supreme Court desires a responsive pleading to be filed by Philip H. Dunleavy, District Attorney of Nye County, Nevada. If a response is desired, please indicate a deadline by which the response is expected.

The letter neither requested "an opportunity to respond," nor indicated that Dunleavy wished to present any facts or argument impacting upon the administrative concerns that had been tendered by Davis and which ultimately formed the basis of JUSTICE YOUNG's order. Further, the letter presented no indication that Mr. Dunleavy either opposed the sheriff's petition or that he would be prejudiced if this court granted the relief it requested. In any event, NRAP 27(a) contemplates that requests for relief from the court be presented in a formal motion, not through an informal letter addressed to the clerk. Consequently, no reply to Dunleavy's letter was deemed necessary by the court and, under the terms of the letter itself, the clerk of this court quite properly declined to reply.

Under these circumstances, we conclude the instant motion fails to establish that this court misapprehended or overlooked any material matters, and that the motion fails to demonstrate any prejudice to Mr. Dunleavy's position arising out of Judge

Stringfield's assignment to preside over the proceedings below. Accordingly, we deny the request to vacate the order of December 14, 1988.

## II. *THE MOTION TO DISQUALIFY*

The instant motion also requests the disqualification or voluntary recusal of JUSTICE YOUNG "from sitting in any capacity on any matter arising in the Fifth Judicial District Court . . . involving Philip H. Dunleavy, District Attorney of Nye County, Nevada, the Honorable Harold A. Davis, Sheriff of Nye County, Nevada, or Peter L. Flangas, Esq., Attorney for Harold Davis." *See* NRS 1.225; Nev. Code of Judicial Conduct Canon 3. In the absence of JUSTICE YOUNG's voluntary recusal, Dunleavy seeks a hearing upon his allegations charging actual bias or the "appearance of implied bias and impropriety. . . ." *See* NRS 1.225(4).

Initially, we note that JUSTICE YOUNG has declined to voluntarily recuse himself from the proceedings in question, concluding that no valid or compelling reason warrants such action. As this court recently observed:

> "a judge has as great an obligation not to disqualify himself, when there is no occasion to do so, as he has to do so in the presence of valid reasons." Amidon v. State, 604 P.2d 575, 577 (Alaska 1979), *citing* In Re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961), *cert. denied,* 368 U.S. 927. Thus, this court has previously held that a judge has "a duty to preside . . . in the absence of some statute, rule of court, ethical standard, or other compelling reason to the contrary." *See* Ham v. District Court, 93 Nev. 409, 566 P.2d 420 (1977); *see also* United States v. Diorio, 451 F.2d 21, 24 (2d Cir. 1971), *cert. denied,* 405 U.S. 955 (1972); Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968); Rosen v. Sugarman, 357 F.2d 794, 797-98 (2d Cir. 1966). Moreover, where, as here, a judge or justice determines that he may not voluntarily disqualify himself, his decision should be given "substantial weight," and should not be overturned in the absence of a clear abuse of discretion. *See* United States v. Haldeman, 559 F.2d 31, 139 (D.C.Cir. 1976), *cert. denied,* 431 U.S. 933 (1977); *Amidon,* 604 P.2d at 577. Further, under these circumstances, a judge or justice is presumed not to be biased, and the burden is on the party asserting the challenge to establish sufficient factual grounds warranting disqualification. Ritter v. Bd. of Com'rs of Adams County, Etc., 637 P.2d 940, 946 (Wash. 1981).

*See* Goldman v. Bryan, 104 Nev. 644, 649, 764 P.2d 1296 (1988). As set forth below, we concur with JUSTICE YOUNG's

assessment that Dunleavy's motion alleges no legally cognizable grounds whatsoever supporting a reasonable inference of actual or implied bias under NRS 1.225 or the Nevada Code of Judicial Conduct. Further, as the federal courts have analogously concluded, the statutory provisions and mechanisms providing for a judge's disqualification are not activated, and summary dismissal of the challenge is appropriate, where the challenge fails to allege legally cognizable grounds supporting a reasonable inference of bias or prejudice. *See* Berger v. United States, 255 U.S. 22 (1921); United States v. Haldeman, 559 F.2d 31, 129-31 (D.C.Cir. 1976), *cert. denied* 431 U.S. 933 (1977); United States v. Ming, 466 F.2d 1000, 1003-04 (7th Cir. 1972), *cert. denied,* 409 U.S. 915 (1972); Davis v. Board of School Com'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975), *cert. denied,* 425 U.S. 944; United States v. Roca-Alvarez, 451 F.2d 843, 847-48 (5th Cir. 1971); United States v. Townsend, 478 F.2d 1072 (3rd Cir. 1973). Thus, for the reasons discussed below, we conclude that summary dismissal of the instant challenge is warranted as a matter of law, and no formal hearing is required.

In support of his challenge, Dunleavy avers that counsel for Sheriff Davis made a sizable contribution to JUSTICE YOUNG'S campaign for election to the Office of Supreme Court Justice. Dunleavy asserts that the facts surrounding JUSTICE YOUNG'S issuance of the aforementioned administrative order, coupled with "the substantial campaign contribution . . ., can only lead to the conclusion, or at least the appearance, that JUSTICE YOUNG was repaying a political debt, rather than sitting as an impartial jurist ruling on the basis of law." We disagree.

First, as discussed above, the administrative order of December 14, 1988, was issued by JUSTICE YOUNG in his capacity as acting chief justice upon the sole ground that such an administrative action would promote the speedy, efficient and economical resolution of matters pending in the Fifth Judicial District. Mr. Dunleavy has presented no facts or arguments even remotely suggesting that the Nevada Constitution does not vest authority in the acting chief justice to take such action, or that the considerations upon which that action was grounded were insufficient to support JUSTICE YOUNG'S administrative determination. Thus, no facts surrounding the issuance of the administrative order have been alleged which can support a reasonable inference of bias or prejudice in favor of or against any party to the proceedings in question.

Moreover, rulings and actions of a judge during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification. *See* United States v. Board of Sch.

Com'rs, Indianapolis, Ind., 503 F.2d 68, 81 (7th Cir. 1974), *cert denied*, 439 U.S. 824. The personal bias necessary to disqualify must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Beneke, 449 F.2d 1259, 1260-61 (8th Cir. 1971) *citing* United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). To permit an allegation of bias, partially founded upon a justice's performance of his constitutionally mandated responsibilities, to disqualify that justice from discharging those duties would nullify the court's authority and permit manipulation of justice, as well as the court. *See* State v. Rome, 685 P.2d 290, 295-96 (Kan. 1984); *see also* Tynan v. United States, 376 F.2d 761 (D.C.Cir. 1967), *cert. denied*, 389 U.S. 845.

Second, intolerable results would also obtain if a litigant could disqualify a member of this court solely because counsel for the litigant's adversary had years before contributed to the justice's campaign. The citizens of this state have voted to retain an elected judiciary and the Nevada Constitution specifically provides that the justices of this court shall be elected. *See* Nev. Const. art. 6, § 3. Moreover, Nevada Code of Judicial Conduct Canon 7B sets forth the provisions governing campaigns for judicial office and expressly provides that a candidate for such an office in this state may solicit funds for his campaign. Although the fact that Sheriff Davis' counsel contributed to JUSTICE YOUNG's campaign years ago is a matter of public record, Dunleavy tendered no challenge until JUSTICE YOUNG had entered his ruling on Davis' motion. If the mere fact that an attorney had contributed to a judge's campaign constituted a reasonable ground for the subsequent disqualification of that judge upon a challenge made after the judge has ruled on the merits of a motion, the conduct of judicial business in the courts of this state would be severely and intolerably obstructed.

Third, an allegation of bias in favor or against an attorney for a litigant generally states an insufficient ground for disqualification because "it is not indicative of extrajudicial bias against a 'party.'" *See* Gilbert v. City of Little Rock, Ark., 722 F.2d 1390, 1398-99 (8th Cir. 1983), *cert. denied*, 466 U.S. 972; *see also* Davis v. Board of School Com'rs of Mobile County, 517 F.2d 1044, 1050 (5th Cir. 1975) (if party could successfully challenge a judge based upon allegations of bias against party's attorney, it "would bid fair to decimate the bench" and lawyers, once in a controversy with a judge, "would have a license under which the judge would serve at their will"). In a small state such as Nevada, with a concomitantly limited bar membership, it is

inevitable that frequent interactions will occur between the members of the bar and the judiciary. Thus, allegations of bias based upon a judge's associations with counsel for a litigant pose a particularly onerous potential for impeding the dispensation of justice.

We conclude, therefore, that the instant motion states no legally cognizable ground justifying JUSTICE YOUNG's disqualification, and that it is wholly insufficient, as a matter of law, to warrant a formal hearing under NRS 1.225(4). Accordingly, we hereby summarily deny the motion in its entirety.[2]

---

[2]Neither JUSTICE YOUNG nor JUSTICE MOWBRAY participated in this court's resolution of the instant motion.