An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRY DEWAYNE DIXON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61172

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his February 21, 2012, petition, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-10509

must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that his trial counsel failed to file a pretrial writ. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel filed a pretrial motion seeking dismissal of a charge. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel filed additional pretrial writs. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel failed to obtain police radio logs to ascertain the exact time various officers arrived at the scene. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The officers testified regarding the approximate time-frame in which they arrived at the crime scene and appellant failed to demonstrate that it was unreasonable for counsel to not discover the exact time certain officers arrived. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel sought logs or other information showing the exact time officers arrived at the scene. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel failed to obtain exculpatory evidence. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel filed a motion requesting disclosure of evidence. The district court granted appellant's request except for the use-of-force reports and disciplinary reports for the officers involved in this matter, as the district court reviewed the reports and concluded they were irrelevant to appellant's case.[2] Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel made further attempts to obtain evidence from the State. Therefore the district court did not err in denying this claim.[3]

---

[2]Appellant also claimed that his appellate counsel should have argued that the district court erred in denying his request for the use-of-force and disciplinary reports for the officers involved in this incident. "District courts are vested with considerable discretion in determining the relevance and admissibility of evidence," Archanian v. State, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006), and appellant failed to demonstrate that the district court abused its discretion in concluding the challenged reports were irrelevant. Therefore, appellant failed to demonstrate his appellate counsel was ineffective for failing to raise the underlying claim on appeal. See Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996); Strickland, 466 U.S. at 697.

[3]To the extent appellant asserted that counsel should have obtained photographs from the State from inside the apartment, which could have shown appellant's view from the apartment windows, counsel argued at trial that the State did not collect such evidence. The State could not have disclosed evidence it did not possess and appellant failed to demonstrate that this was material evidence. See Daniels v. State, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). To the extent appellant claimed counsel should have independently obtained photographs, appellant failed to demonstrate

*continued on next page . . .*

Fourth, appellant claimed that his trial counsel should have hired a crime scene analyst and an expert in bullet ricochets. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The State's crime scene analyst testified regarding the bullet evidence, including instances where the bullets hit a surface and ricocheted. Appellant failed to demonstrate reasonable counsel would have hired an independent expert for this type of evidence, and appellant failed to demonstrate a reasonable probability of a different outcome at trial had further testimony regarding this evidence been presented. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his trial counsel should have hired a psychologist to testify regarding appellant's suicidal actions or present an insanity defense. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Testimony regarding appellant's suicidal actions was presented during the trial and counsel argued those actions demonstrated appellant lacked intent for the charged crimes. In light of appellant's mother's testimony that appellant made statements that he intended to harm others, appellant failed to demonstrate a reasonable probability of a different outcome at trial had further testimony of this nature been presented. Moreover, appellant did not allege any specific facts that would indicate that he was in a

---

. . . continued

a reasonable probability of a different outcome at trial given the strength of the evidence of his guilt.

delusional state such that he could not know or understand the nature and capacity of his act or could not appreciate the wrongfulness of his act. See Finger v. State, 117 Nev. 548, 576, 27 P.3d 66, 84-85 (2001). Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel sought to present an insanity defense. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his trial counsel failed to argue that the State did not properly endorse expert witnesses pursuant to NRS 174.234(2) because information about the substance of their anticipated testimony was not provided to the defense. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The State's notice of expert witnesses stated that the defense was provided the substance of the expected testimony and a copy of the witnesses' reports. At trial, counsel questioned the experts extensively on their findings. Given this information, appellant failed to demonstrate reasonable counsel would have asserted the State failed to properly provide notice to the defense regarding the expert witnesses. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised arguments related to the notice of expert witnesses. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his trial counsel failed to interview possible witnesses to show that no shots were fired before the police kicked the front door. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The witnesses who testified at trial regarding the timing of the shots stated

that they heard shots from inside appellant's apartment before the police kicked the front door in an attempt to enter the residence. Appellant failed to demonstrate that any other witness would have testified in a different manner or that further investigation would have revealed witnesses who could have testified in a different manner. See Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that his trial counsel failed to argue that admission of the SWAT report without the report's author actually testifying violated his right to confrontation. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The SWAT report was not admitted into evidence; the district court merely reviewed the report outside of the presence of the jury and concluded that the State had disclosed the pertinent information contained in the report to the defense prior to trial. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel argued the district court's review of the report violated appellant's right to confrontation. Therefore, the district court did not err in denying this claim.[4]

---

[4]Appellant also claimed that his appellate counsel was ineffective for failing to argue admission of the SWAT report violated his right to confrontation. As the report was not admitted into evidence, appellant failed to demonstrate his appellate counsel was ineffective for failing to raise the underlying claim on direct appeal. See Kirksey, 112 Nev. at 998, 923 P.2d at 1114; Strickland, 466 U.S. at 697.

Ninth, appellant claimed that his trial counsel failed to demonstrate that the jury pool did not contain the appropriate percentage of minorities. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Trial counsel argued during jury selection that minorities were underrepresented in the jury pool. On direct appeal, this court noted that appellant failed to demonstrate systematic exclusion of minorities from the jury pool. Dixon v. State, Docket No. 53700 (Order of Affirmance, March 17, 2011). Appellant provided no additional information to demonstrate systematic exclusion of minorities and, therefore, failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised further arguments regarding this issue. See Williams v. State, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005). Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that his trial counsel failed to object to the reasonable doubt instruction. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel sought different language in the reasonable doubt instruction, but the district court denied that request. Further, appellant failed to demonstrate a reasonable probability of a different outcome had counsel sought additional changes to the instruction as the statutorily-prescribed reasonable doubt instruction was used at trial. NRS 175.211; see, e.g., Chambers v. State, 113 Nev. 974, 982-83, 944 P.2d 805, 810 (1997); Milton v. State, 111 Nev. 1487, 1492, 908 P.2d 684, 687 (1995). Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that his trial counsel failed to argue and obtain evidence to demonstrate that the police did not follow police procedures and policy during the incident. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel did argue that the police should have performed different actions during the incident. Given the strength of the evidence produced at trial, appellant failed to demonstrate a reasonable probability of a different outcome had counsel made additional arguments of this nature. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that his counsel failed to cross-examine witnesses. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel cross-examined the majority of the State's witnesses and appellant failed to demonstrate reasonable counsel would have questioned the few that counsel did not. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel questioned all of the State's witnesses or posed additional questions to those witnesses. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that his trial counsel was ineffective for failing to argue that the district court was biased because the court denied appellant's motions. Appellant failed to demonstrate deficiency or prejudice because adverse rulings "during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification." In re Petition to Recall Dunleavy, 104 Nev. 784, 789-90, 769 P.2d 1271, 1275 (1988). Therefore, the district court did not err in denying this claim.

Fourteenth, appellant claimed that cumulative errors of counsel amounted to ineffective assistance of counsel. Appellant failed to demonstrate deficiency and/or prejudice for any of his claims and, therefore, failed to demonstrate that any errors of counsel cumulatively amounted to ineffective assistance of counsel. Therefore, the district court did not err in denying this claim.[5]

Having considered appellant's contentions and concluding they are without merit, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

---

[5]Appellant also appeared to claim that trial counsel failed to conduct pretrial investigation. Appellant failed to demonstrate deficiency or prejudice. Appellant made only a bare claim and provided no information for what counsel could have discovered had further investigation been undertaken. See Molina, 120 Nev. at 192, 87 P.3d at 538. Therefore, the district court did not err in denying this claim.

[6]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Kathleen E. Delaney, District Judge
Terry Dewayne Dixon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A