# IN THE SUPREME COURT OF THE STATE OF NEVADA

SERGEY MKHITARYAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID B. BARKER, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71177

FILED

OCT 13 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is a petition for a writ of mandamus challenging Chief Judge David Barker's denial of a motion to disqualify Judge William Kephart.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see also* NRS 34.160. An arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than on

reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citations and quotation marks omitted).

In denying the motion to disqualify, Judge Barker found that Petitioner's "factual allegations arise entirely from actions taken either by the State unrelated to Judge Kephart, or from Judge Kephart's rulings and actions during the course of official judicial proceedings." Judge Barker further found that petitioner had failed to present legally cognizable grounds or provide evidence of an extrajudicial source of bias and failed to demonstrate a lack of impartiality. Petitioner argues Judge Barker abused his discretion in denying the motion to disqualify without conducting an evidentiary hearing and without addressing the alleged errors in the bail hearings and a "mysterious" increase in the bail amount. Petitioner further argues that Judge Barker abused his discretion in determining that petitioner had failed to demonstrate a lack of impartiality and bias.

Rule 2.7 of the Nevada Code of Judicial Conduct (NCJC), provides that "[a] judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law." Under Rule 2.11(A)(1) of the NCJC, judicial disqualification is required "in any proceeding in which the judge's impartiality might reasonably be questioned, including" when the judge "has a personal bias or prejudice concerning a party." *See also* NRS 1.230 ("A judge shall not act as such in an action or proceeding when the judge entertains actual bias or prejudice for or against one of the parties to the action."). The test under the NCJC to evaluate whether a judge's impartiality might reasonably be questioned

is an objective one—whether a reasonable person knowing all of the facts would harbor reasonable doubts about the judge's impartiality. *See Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011). Disqualification for personal bias requires an extreme showing of bias. *Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1254, 148 P.3d 694, 701 (2006). Further, this court has generally recognized that bias must stem from an "extrajudicial source," something other than what the judge learned from his or her participation in the case, *Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009), and that adverse judicial rulings during the proceedings are not a basis to disqualify a judge, *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988). Summary dismissal is warranted where sufficient factual allegations are not alleged in the motion. *Hogan v. Warden*, 112 Nev. 553, 560, 916 P.2d 805, 809 (1996).

We conclude that petitioner fails to demonstrate that Judge Barker abused his discretion in denying the motion for disqualification. Judge Barker correctly limited his consideration to the question of Judge Kephart's disqualification. The record supports Judge Barker's finding that the actions and the decisions made during the bail proceedings did not support petitioner's allegation of bias, prejudice, or lack of impartiality. The record does not support petitioner's allegations that Judge Kephart had closed his mind to the presentation of evidence,[1]

---

[1]We note that the district court may consider the nature and circumstances of the offense in setting bail. *See* NRS 178.498. NRS 178.499 further permits the district court to increase bail after it has been set in the justice court. Any alleged errors relating to the bail proceedings
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

conducted an independent investigation, or failed to provide the defense an opportunity to address the setting of no bail on the murder charge. Petitioner fails to demonstrate a reasonable person knowing all of the facts in this case would harbor any doubts about Judge Kephart's impartiality. Judge Barker's findings were sufficient to address the disqualification issue and specific findings regarding the propriety of the bail amount or proceedings were not required. Further, we conclude that Judge Barker did not err in denying the motion without an evidentiary hearing as the motion was not supported by sufficient factual allegations.

To the extent that petitioner argues that Judge Barker should have been disqualified from considering the motion to disqualify Judge Kephart, we decline to consider the petition as petitioner has not filed a motion to disqualify Judge Barker in the district court, and a motion to disqualify a judge typically implicates factual issues that should be presented in the district court in the first instance.[2] *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981). Further, it appears that petitioner's attempt to disqualify Judge Barker on the basis of his participation in the grand jury presentment is untimely as the allegedly disqualifying event occurred long before the motion to

---

*...continued*
and the decisions regarding bail do not by themselves demonstrate disqualification was warranted.

[2]The ex parte motion to correct or modify the record, filed after the disposition of the motion to disqualify Judge Kephart, was not a motion to disqualify Judge Barker and was not considered as such by the district court.

disqualify Judge Kephart was filed and was certainly known when the motion to disqualify was filed.[3] Accordingly, we

ORDER the petition DENIED.

_____ Cherry _____, J.
Cherry

_____ Douglas _____, J.
Douglas

_____ Gibbons _____, J.
Gibbons

cc:    Hon. David Barker, Chief District Judge
       Hon. William Kephart, District Judge
       Dayvid J. Figler
       Goodman Law Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]Petitioner asserts that the chief judge of the district court is responsible for considering a motion to disqualify another judge.