# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIE LEE HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72872

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant argues that the district court erred in rejecting his claims of ineffective assistance of trial counsel.[1] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). An evidentiary hearing is required

---

[1]To the extent that appellant challenges the district court's decision denying his request for counsel, we conclude that the district court did not abuse its discretion. *See* NRS 34.750(1).

18-908132

when the petitioner raises claims supported by specific facts, not belied by the record, that if true would entitle the petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claimed that trial counsel should have requested an independent psychological examination of the victims. We conclude that appellant did not demonstrate deficient performance or prejudice because he did not allege any facts to show that the victims' mental or emotional states affected their veracity as required for an independent psychological examination. *Koerschner v. State*, 116 Nev. 1111, 1114-17, 13 P.3d 451, 454-56 (2000); *Abbott v. State*, 122 Nev. 715, 723-31, 138 P.3d 462, 467-73 (2006). Therefore, the district court did not err in denying this claim.

Appellant claimed that trial counsel should have argued the charges were prejudicially joined. Appellant did not demonstrate deficient performance or prejudice because he did not demonstrate that joinder was fundamentally unfair. *See* NRS 174.165(1); *Farmer v. State*, 133 Nev., Adv. Op. 86, 405 P.3d 114, 121, 122 (2017); *Rimer v. State*, 131 Nev 307, 323-24, 351 P.3d 697, 709-10 (2015). The fact that the jury found appellant not guilty of the offenses related to J.L. demonstrates that the jury did not improperly accumulate the evidence against appellant in the weaker case involving J.L. And substantial evidence supported the offenses related to R.H. Thus, the district court did not err in denying this claim.

Appellant claimed that trial counsel did not adequately communicate with him to determine the value of a box of exhibits and did not communicate with T. Bass to determine the status of affidavits.

Appellant did not demonstrate deficient performance or prejudice because he did not identify the information that further communication would have revealed or how it would have had a reasonable probability of altering the outcome at trial. Therefore, the district court did not err in denying this claim.

Appellant claimed that trial counsel should have interviewed and investigated R.H. in order to cross-examine and impeach him at trial. Appellant claimed that R.H. would have confessed that he fabricated the charges if trial counsel had interviewed him, and counsel would have found out whether the State bribed or threatened R.H. for his testimony. Appellant did not allege sufficient facts to show deficient performance or prejudice. In particular, he alleged no reason for counsel to have investigated whether the victim was bribed or threatened to provide testimony. And appellant only speculates that counsel could have obtained a confession from R.H. that he fabricated the charges. Therefore, the district court did not err in denying this claim.

Appellant claimed that trial counsel did not timely locate, subpoena, and/or seek a material witness warrant before trial for K.V., which resulted in counsel filing an untimely motion to present K.V.'s preliminary hearing testimony. Appellant claimed that counsel's omission denied him a meaningful opportunity to defend himself.

We conclude that the district court erred in denying this claim without an evidentiary hearing. Although a number of defense witnesses testified regarding the open-door policy and the victims' reputations for truthfulness, K.V.'s proferred testimony uniquely supported appellant's defense that R.H. discussed making false allegations of sexual abuse with K.V. K.V.'s testimony appears to have been essential to appellant's defense.

SUPREME COURT
OF
NEVADA

(O) 1947A

In denying the petition, the district court determined that trial counsel made reasonable efforts to procure K.V.'s live testimony based on counsel's actions during trial. That decision overlooks the basis for this ineffective-assistance claim: the reasonableness of counsel's pretrial efforts. Counsel's pretrial efforts are particularly relevant considering that counsel's motion to present K.V.'s preliminary hearing testimony was denied because it was filed after the trial had begun. Trial counsel represented on the record that he had not subpoenaed K.V. or tried to ascertain his availability until immediately before trial. The district court's decision does not consider whether trial counsel's efforts before trial were objectively reasonable. Further, the district court's conclusion that it would not have granted a timely motion because the State did not have an adequate opportunity to cross-examine K.V. is not supported by the record as the State was able to cross-examine K.V. at the preliminary hearing. No cogent legal authority was presented that requires the State have an opportunity to review CPS records before cross-examining a defense witness at a preliminary hearing.[2] And most telling, the State has not identified anything in the CPS records that would have affected its cross-examination of K.V. at the preliminary hearing. Thus, we reverse the district court's decision denying this claim and remand for an evidentiary hearing to determine whether trial counsel's performance was deficient and whether appellant was prejudiced. The district court may consider whether to appoint counsel to represent appellant at the evidentiary hearing. See NRS 34.750(1).

---

[2]Notably, the case law discussing the use of prior testimony arises from the right to confrontation—a right that belongs to the defendant. See Chavez v. State, 125 Nev. 328, 337-39, 213 P.3d 476, 483-84 (2009). The State has presented no legal authority supporting its confrontation-based challenge to the defense's use of prior testimony.

Appellant next claimed that the trial court abused its discretion in denying his motion to present K.V.'s preliminary hearing testimony at trial. On direct appeal, the Court of Appeals considered and rejected appellant's argument that the trial court abused its discretion in failing to consider his untimely motion to admit the testimony. *Hill v. State*, Docket No. 67862 (Order of Affirmance, April 20, 2016). The doctrine of the law of the case precludes further consideration of this issue, *see Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975), and appellant has not provided a cogent argument to overcome the law of the case, *see Hsu v. County of Clark*, 123 Nev. 625, 629-32, 173 P.3d 724, 728-30 (2007). Therefore, the district court did not err in denying this claim.

Appellant next claimed the prosecutor committed misconduct by objecting to his motion to present K.V.'s preliminary hearing testimony because the prosecutor knew that K.V. had stated that he had falsely accused appellant of sexual assault, the prosecutor made improper closing arguments, and insufficient evidence supported his conviction. These claims are waived as they could have been raised on direct appeal and appellant failed to demonstrate good cause for his failure to do so. *See* NRS 34.810(1)(b)(2). Therefore, we conclude that the district court did not err in denying these claims.

To the extent that appellant argues that the district court violated various judicial canons in resolving his petition, we conclude that this claim is without any factual or legal support. *See In re Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988) (recognizing that the rulings of a district court during the course of official judicial proceedings do not provide a legally cognizable ground for disqualification).

To the extent that appellant challenges the denial of his motion for modification of sentence, we conclude that the district court did not err in denying the motion because it raised claims that fell outside the scope of such a motion. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).

Finally, we decline to consider appellant's claim that bar complaints/discipline in unrelated cases demonstrate ineffective assistance of counsel in this case because the claim was not presented below. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Michael Villani, District Judge
      Marvie Lee Hill
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk