IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN K. CLAGGETT & ASSOCIATES, LLC, D/B/A CLAGGETT & SYKES LAW FIRM,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE LINDA MARIE BELL,
Respondents,
and
BEALE STREET BLUES COMPANY LAS VEGAS, LLC,
Real Party in Interest.

No. 79032

FILED

OCT 3 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This petition for a writ of mandamus challenges a district court order denying a motion to disqualify a judge in a legal malpractice case. This court gives "substantial weight" to a judge's decision not to voluntarily recuse herself and will not reverse that decision absent an abuse of discretion. *Goldman v. Bryan*, 104 Nev. 644, 649, 764 P.2d 1296, 1299 (1988) (citing *United States v. Haldeman*, 559 F.2d 31, 139 (D.C. Cir. 1976)). Here, Judge Gonzalez's affidavit and the record do not support petitioner's allegations of bias, prejudice, or lack of impartiality. *See Millen v. Eighth Judicial Dist. Court*, 122 Nev. 1245, 1254-55, 148 P.3d 694, 701 (2006) (observing that disqualification "requires an extreme showing of bias that would permit manipulation of the court" (internal quotation marks and alteration omitted)). Furthermore, petitioner's bias allegations do not stem from an extrajudicial source and fail on that basis. *See Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009) (recognizing that bias must stem from an extrajudicial source, something other than what the judge learned

19-44606

from her participation in the case); *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988) (holding that "rulings and actions of a judge during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification"). Thus, we are not satisfied that this court's intervention by way of an extraordinary writ is warranted because petitioner has not demonstrated that the district court acted arbitrarily or capriciously in denying the motion to disqualify. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (recognizing that a writ of mandamus may issue to control an arbitrary or capricious exercise of discretion); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (recognizing that a petitioner bears the burden of demonstrating that extraordinary relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that the issuance of a writ of mandamus is discretionary); *see also* NCJC 2.11(A)(1) (requiring disqualification where a judge's impartiality might reasonably be questioned). Accordingly, we lift the stay imposed by this court on July 18, 2019, and we

ORDER the petition DENIED.[1]

_____ C.J.
Gibbons

_____ , J.          _____ , Sr. J.
Parraguirre                                    Douglas

_____

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Linda Marie Bell, Chief Judge
Lipson Neilson P.C.
Marquis Aurbach Coffing
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A