IN THE SUPREME COURT OF THE STATE OF NEVADA

DARIAN CHRISTOPHER OWENS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78864

FILED

JUN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge.

Appellant filed a timely postconviction petition for a writ of habeas corpus on March 13, 2018, and an amended petition on June 11, 2018, raising nine grounds for relief. The State filed a response to the petition. Postconviction counsel was appointed and filed a supplemental petition, discussing with greater specificity two of the claims raised in the prior petitions and incorporating by reference the other claims in the pro se pleadings. The State opposed the supplemental petition. The district court denied the petitions, concluding that appellate counsel was not ineffective for failing to challenge the denial of the defense request to excuse prospective jurors for cause. The district court further concluded that the remaining claims in the pro se petition and amended petition were abandoned.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

20-23460

Appellant argues that the district court erred in denying his claim that appellate counsel should have challenged the trial court's denial of the defense request to excuse two prospective jurors for cause. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). When a postconviction petition raises claims supported by specific factual allegations which, if true, would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

We conclude that appellant failed to demonstrate deficient performance or prejudice because the trial court did not abuse its discretion in denying the for-cause challenges. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114 ("An attorney's decision not to raise meritless issues on appeal is not ineffective assistance of counsel."); *Blake v. State*, 121 Nev. 779, 795, 121 P.3d 567, 577 (2005) (recognizing that "the district court enjoys broad discretion in ruling on challenges for cause" because "such rulings involve factual determinations"). Although prospective juror 133 made several statements suggesting doubt as to whether he could be fair and impartial because of a crime that involved his father 40 years earlier, the trial court determined that prospective juror 133 was being cerebral and honest and was not saying he could not be fair and impartial. Prospective juror 133's comments, considered as a whole, show he could render a verdict based on the evidence presented and could be a fair and impartial juror. Thus, the

trial court did not abuse its discretion in denying the for-cause challenge to prospective juror 133. *Preciado v. State*, 130 Nev. 40, 44, 318 P.3d 176, 178 (2014) (stating that "[a] prospective juror should be removed for cause only if [their] 'views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath'" (quoting *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005))); *Blake*, 121 Nev. at 795, 121 P.3d at 578 (determining that the district court did not abuse its discretion in denying a for-cause challenge to a prospective juror who stated that he could make his decision based on the evidence presented at trial). Regarding prospective juror 118, whose native language was Greek, the trial court rejected the for-cause challenge because she understood 90 percent of the proceedings, she spoke English well enough to be hired as a teacher's assistant, and she only expressly stated that she did not understand the term "alternate juror"; under these circumstances, the trial court did not abuse its discretion. *See* NRS 6.010 (providing that a juror is qualified "who has sufficient knowledge of the English language"). Because the for-cause challenges lacked merit, the district court did not err in denying the ineffective-assistance-of-appellate-counsel claim without an evidentiary hearing.

Next, appellant argues that the district court erred in concluding that the remaining claims in his pro se petition and amended petition had been abandoned. We agree. The district court mistakenly relied on *Evans v. State*, 117 Nev. 609, 29 P.3d 498 (2001), which applied an appellate practice rule (NRAP 28(e)) that precludes incorporating by reference arguments from district court pleadings in appellate briefs. The rule addressed in *Evans* only applies to appellate briefs, and NRS Chapter 34 has no similar provision. To the contrary, NRS 34.750(3) permits appointed postconviction counsel to file a supplemental brief, and nothing

in this statute prohibits counsel from incorporating by reference claims raised in the pro se petition. Because the district court erred in determining that the other claims raised in the pro se petition and amended petition were abandoned, we reverse in part and remand for the district court to consider those claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                        Cadish


cc:     Chief Judge, The Eighth Judicial District Court
        Hon. Joseph T. Bonaventure, Senior Judge
        Darian Christopher Owens
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[2]We deny appellant's motion to strike the district court order in light of our decision. We further conclude that appellant has not demonstrated that the postconviction judge should have been disqualified. *See In re Petition to Recall Dunleavy*, 104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988) ("[R]ulings and actions of a judge during the course of official proceedings do not establish legally cognizable grounds for disqualification."); *see also* NRS 1.230 (providing the grounds for disqualifying a district court judge).

This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

SUPREME COURT
OF
NEVADA

(O) 1947A