# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAYMOND MAX SNYDER,
Petitioner,
vs.
THE FOURTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF ELKO;
AND THE HONORABLE ALVIN R.
KACIN, DISTRICT JUDGE,
Respondents,
   and
LAUARA ANN SNYDER,
Real Party in Interest.

No. 83651

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This is an emergency, pro se, original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to disqualify Senior Judge Robert Estes from presiding over the underlying divorce and post-divorce-decree proceedings. In particular, petitioner asks that we issue a writ of mandamus or prohibition concluding that Senior Judge Estes was prejudiced against him and thus lacked jurisdiction, and he points to various acts that occurred in the litigation below in support of his claims of prejudice, including that the judge reduced an order to judgement in enforcement proceedings notwithstanding his pending appeal, allowed orders "forged" by opposing counsel, and proceeded to act despite pending complaints against him before the Commission on Judicial Discipline filed by petitioner.

Having considered the petition and supporting documentation,[1] we are not convinced that our extraordinary and discretionary intervention is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Petitioner has not demonstrated, in his petition, that disqualification was warranted. *See* NRS 1.230; NCJC Rule 2.11; *Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009) ("A judge is presumed to be unbiased . . . ."); *In re Petition to Recall Dunleavy*, 104 Nev. 784, 789-90, 769 P.2d 1271, 1275 (1988) (explaining that disqualifying bias generally must come from an extrajudicial source and stating that "rulings and actions of a judge during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification"); *In re Disqualification of Kilpatrick*, 546 N.E.2d 929, 930 (Ohio 1989) ("[A] judge is not automatically disqualified solely because a party in a case pending before him or her has filed a complaint against the judge with Disciplinary Counsel or a similar body.").

---

[1]Exhibit 9 to petitioner's appendix, received in this court on October 20, 2021, consists of a flash drive, purportedly containing audio and video files of a district court hearing. As the flash drive was improperly submitted to the court, *see* NRAP 30(b)(1) (requiring that copies of necessary transcripts be included in the appendix); *see also* NRAP 9(c) (governing the preparation of certified copies of transcripts); NRAP 10(b)(2) (governing the filing of exhibits), we decline to review Exhibit 9 and direct the clerk of this court to strike the exhibit from the appendix and return it, unfiled, to petitioner. The clerk shall file the remainder of the appendix.

Accordingly, petitioner has not established that our intervention is warranted, and we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Alvin R. Kacin, District Judge
        Raymond Max Snyder
        Woodburn & Wedge
        Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A