*1282 OPINION
By the Court,
Springgate, D. J.:
In June of 1993, appellant was working on a car at the home of an acquaintance, Mr. Wheeler. Appellant was sick that day and had to use the bathroom on several occasions. At one point, after appellant had been in the house, Wheeler ascertained from his three-year-old daughter that appellant had touched the child’s vagina. Wheeler threw appellant off the premises. When appellant was subsequently questioned by the police, he confessed to having licked the child’s vagina once.
Appellant was convicted pursuant to a guilty plea of one count of lewdness with a minor under the age of fourteen. He was initially sentenced to the maximum term of ten years in prison. However, before a final written judgment of conviction was formally entered, appellant sought and obtained a resentencing hearing before a different district judge. At the second sentencing hearing on May 5, 1994, appellant was again sentenced to the maximum term of ten years in the Nevada State Prison. Appellant challenges his sentence in this appeal.
Appellant contends that comments by the district judge at the second sentencing hearing reflected a personal interest in the outcome of the case and improper judicial bias in violation of NRS 1.230 and Canon 3 of the Nevada Code of Judicial Conduct.[1] He contends that the district judge should have recused himself at the time of sentencing. We have reviewed the record on appeal, and we conclude that appellant’s claim is without merit.
Canon 3(B)(5) provides, in relevant part, that “A judge shall *1283 perform judicial duties without bias or prejudice.’ ’ The bias prohibited in Canon 3(B)(5) is bias against a party or a class of people:
[Njeither bias nor prejudice refer[s] to the attitude that a judge may hold about the subject matter of a lawsuit. That a judge has a general opinion about a legal or social matter that relates to the case before him or her does not disqualify the judge from presiding over the case.
Jeffrey M. Shaman, et al., Judicial Conduct and Ethics § 4.04, at 101 (2d ed. 1995). Nothing in this case suggests that the district judge had any personal feelings of animosity toward appellant. Rather, the district judge was offended by the facts of the crime committed.[2]
In addition, remarks of a judge made in the context of a court proceeding are not considered indicative of improper bias or prejudice unless they show that the judge has closed his or her mind to the presentation of all the evidence. Id. § 4.07, at 105. The record in this case reflects that the district judge carefully considered all the evidence, including the psychiatrists’ reports, before rendering his decision.
[S]o long as a judge remains open-minded enough to refrain from finally deciding a case until all of the evidence has been presented, remarks made by the judge during the course of the proceedings will not be considered as indicative of disqualifying bias or prejudice.
Id. at 105-106. The statements made by the district judge in this case do not exhibit impermissible bias or prejudice.
Moreover, this court has repeatedly declined to interfere with sentencing when the sentence is legal and within the statutory limits and where the appellant cannot show that the district court relied on highly suspect or impalpable evidence. Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978); Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Nothing in the record indicates that the judge relied on impalpable or highly suspect evidence. Appellant’s arguments are without merit, and we affirm appellant’s conviction and sentence.[3]
*1284 Shearing and Young, JJ., concur.

 Appellant cited the judge’s following comments as objectionable:
Frankly, I don’t care whether it [appellant’s conduct] was predatory or non-predatory.
We’re not concerned with rehabilitation. We should be concerned about punishment.
I’m a former prosecutor in the DA’s office, and for the life of me, I can’t see why the prosecutor reduced it from a sexual assault with a minor to lewdness with a minor.
... as a former prosecutor, I’m aware of the shortcomings that the probation department has in terms of their sentencing guidelines.
And finally, the judge stated:
. . . I[,] like Mr. Berrett [the prosecutor] and like the Wheelers[,] happen to be the father of a three year old daughter, and I also have a daughter who is seven years old. And I’ve asked myself what I would do if somebody would have done this to my daughter.
Like the Wheelers, I live in Henderson, so I feel to a large degree their big concern is punishment, as my big concern would be.

 Compare, e.g., Earl v. State, 111 Nev. 1304, 1310-12, 904 P.2d 1029, 1032-34 (1995) (cumulative error where court called the defendant’s testimony “malarkey,” suggested that defense counsel was intoxicated, and proposed in front of the jury to teach defense counsel how to practice law); Parodi v. Washoe Medical Ctr., 111 Nev. 365, 892 P.2d 588 (1995) (error where court injected levity into proceedings and denigrated defense counsel).

 The Honorable Margaret M. Springgate, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of The Honorable A. William Maupin, Justice, who voluntarily recused himself from participation in this appeal. Nev. Const. art. 6, § 4.