Rose, C. J.,
concurring:
I concur in the majority’s conclusion that NRS 207.190 must be examined under an objective standard and in its reversal of Santana’s convictions based on the failure to properly instruct the jury. However, I write separately to address the sentence Santana received following his first trial, and I take this last opportunity to object to a grave deficiency in this court’s criminal jurisprudence that I have criticized many times during my tenure on this court— this court’s continual refusal to review criminal sentences for excessiveness.[1]
In most criminal cases, after reviewing all of the district courts’ other determinations before and after trial for an abuse of discretion or error, this court then merely reiterates, with slight variation, the same very basic paragraph to tersely dismiss defendants’ challenges to their sentences.[2] This canned language is as follows:
*1465 The Eighth Amendment of the United States Constitution forbids [an] extreme sentence[ ] that [is] grossly disproportionate to the crime. Despite its harshness, [a] sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.[3]
Use of this canned language is disturbing because, in doing so, this court pays mere lip service to the propriety of the review of defendants’ sentences, which is the most important part of a criminal proceeding. I have previously addressed, in great depth, the many problems with this court’s refusal to review sentences for excessiveness. Therefore, I do not repeat that discussion here, but refer instead to my dissent in Sims v. State[4] and voice my continuing objection to this injustice.
The instant case illustrates what is wrong with this system. Santana was convicted of nineteen counts of felony coercion and was adjudicated a habitual criminal. The district court sentenced Santana to a total of nineteen life sentences, with five consecutive life terms without the possibility of parole and fourteen concurrent life terms. I do not disagree that Santana is a habitual criminal, but the imposition of five consecutive life sentences without the possibility of parole for making sexually explicit telephone calls while incarcerated and physically unable to actually carry out any action described during the telephone calls is patently excessive and was an abuse of the district court’s discretion. Although Santana’s punishment is within the statutory limit, this does not mean that his sentence is automatically just and not excessive. I urge this court in the future to reconsider its refusal to review criminal sentences for excessiveness and to provide criminal defendants with the opportunity to have the most important aspect of their criminal cases examined on appeal.

 See, e.g., Cameron v. State, 114 Nev. 1281, 968 P.2d 1169 (1998) (Rose, J., dissenting); Tanksley v. State, 113 Nev. 844, 944 P.2d 240 (1997) (Rose, J., dissenting); Griego v. State, 111 Nev. 444, 893 P.2d 995 (1995) (Rose, J., concurring); Sims v. State, 107 Nev. 438, 814 P.2d 63 (1991) (Rose, J., dissenting).

 See, e.g., Allred v. State, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004); Cameron, 114 Nev. at 1283, 968 P.2d at 1171; Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); Griego, 111 Nev. at 447, 893 P.2d at 997-98; Arajakis v. State, 108 Nev. 976, 983-84, 843 P.2d 800, 805 (1992); Sims, 107 Nev. at 439-41, 814 P.2d at 63-65; White v. State, 105 Nev. 121, 122-23, 771 P.2d 152, 153 (1989); DePasquale v. State, 104 Nev. 338, 341, 757 P.2d 367, 369 (1988); Houk v. State, 103 Nev. 659 , 663-64, 747 P.2d 1376, 1378-79 (1987).

 Allred, 120 Nev. at 420, 92 P.3d at 1253 (quotation marks and footnotes omitted).

 107 Nev. at 441-46, 814 P.2d at 65-68 (Rose, J., dissenting).