An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFF N. ROSE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59141

FILED

MAY 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

On appeal from his proper person petition filed on December 1, 2008, and his supplemental petition filed on November 5, 2010, appellant contends that the district court erred in denying his claims of ineffective assistance of trial counsel without holding an evidentiary hearing. Appellant is entitled to an evidentiary hearing only if he raises claims that are not belied by the record and that, if true, would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). To state a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14037

First, appellant argues that trial counsel was ineffective for failing to adequately investigate and prepare for trial. Specifically, appellant claims that counsel should have presented expert testimony about appellant's broken hip and physical limitations, which would have established that he did not have the physical capacity to commit the sexual offenses. Appellant failed to demonstrate deficiency or prejudice. Many of the victim's allegations of sexual abuse predated appellant's injuries, and appellant and several other defense witnesses testified in depth about appellant's injuries and physical limitations. Thus, appellant failed to demonstrate that an expert's testimony would have had a reasonable probability of changing the outcome of the trial.[1]

Second, appellant argues that trial counsel was ineffective for failing to file a pretrial motion requesting a psychiatric examination of the victims. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant did not demonstrate that a psychological evaluation of the victims would have been appropriate, as he did not show that the State benefited from a psychological expert or that there was a reasonable basis for believing that the female victims' mental

---

[1]Appellant also claims that counsel failed to properly secure the attendance of expert witness Dr. Esplin at trial. Appellant failed to explain how counsel was deficient or what counsel should have done differently. Appellant also failed to provide this court with the transcripts that he cites to for this claim. *See Thomas v. State*, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) (appellant is ultimately responsible for providing this court with portions of the record necessary to resolve his claims on appeal); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). Thus, he has failed to demonstrate deficiency or prejudice.

or emotional state may have affected their veracity. *See Koerschner v. State*, 116 Nev. 1111, 1116, 13 P.3d 451, 455 (2000) (holding that a defendant must demonstrate a compelling need exists for the examination); *see also Abbott v. State*, 122 Nev. 715, 728, 138 P.3d 462, 471 (2006) (reaffirming the test set forth in *Koerschner*). Thus, appellant did not demonstrate a reasonable probability of a different outcome at trial had counsel sought a psychological evaluation of the female victims. Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that trial counsel was ineffective for failing to ensure that all bench conferences and discussions were recorded. We conclude that appellant failed to demonstrate that he was prejudiced, as he has not identified any issue that this court was unable to meaningfully review due to the failure to record bench conferences. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225 (holding that "bare" or "naked" claims are insufficient to grant relief). To the extent that he claims that appellate review of jury selection was not possible, this claim is belied by the record, as this court concluded on direct appeal that appellant was not prejudiced by the unrecorded bench conferences during the jury selection process.[2] *Rose v. State*, 123 Nev. 194, 207-08, 163 P.3d 408, 417 (2007). Furthermore, a review of the record shows that most of the unrecorded bench conferences during trial were explained on the record or pertained

---

[2]We also note that appellant failed to provide this court with the transcripts for jury selection, and thus failed to show prejudice. *See Thomas*, 120 Nev. at 43 & n.4, 83 P.3d at 822 & n.4; *Greene*, 96 Nev. at 558, 612 P.2d at 688.

to housekeeping matters. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant argues that trial counsel was ineffective for delivering an inadequate opening statement. Appellant argues that counsel's opening statement was ineffective because it was not clear or organized, it was composed of clichés and generalities, it did not specifically refer to the evidence that would be presented through defense witnesses, and counsel informed the district court earlier that his opening statement would be inadequate. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel's opening statement set forth the theory of defense and addressed evidence that would be presented at trial. Appellant has failed to specify what additional information counsel should have included in the opening statement, nor has he shown a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. Thus, we conclude that the district court did not err in denying this claim.

Fifth, appellant argues that trial counsel was ineffective for failing to move to recuse Judge Jackie Glass for bias toward the defense. Appellant specifically contends that Judge Glass was biased because she excluded evidence offered to support appellant's theory that the victims had fabricated the allegations, denied his motion for a continuance, conducted unrecorded bench conferences, reprimanded defense counsel for asking leading questions of appellant, and made inappropriate statements at sentencing. We conclude that appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Adverse rulings "during the course of official judicial proceedings do not establish legally cognizable grounds for disqualification." *In re Petition to Recall Dunleavy,*

104 Nev. 784, 789, 769 P.2d 1271, 1275 (1988). Moreover, this court concluded on direct appeal that the district court did not abuse its discretion in excluding the evidence of fabricated allegations. *Rose*, 123 Nev. at 205 n.18, 163 P.3d at 415 n.18. Thus, a motion to recuse on this basis would have been futile. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). As for the other challenged conduct and statements, appellant failed to demonstrate that Judge Glass closed her mind to the presentation of evidence, *see Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998), or displayed "'a deep-seated favoritism or antagonism that would make fair judgment impossible,'" *Kirksey v. State*, 112 Nev. 980, 1007, 923 P.2d 1102, 1119 (1996) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, we conclude that the district court did not err in denying this claim.

Sixth, appellant argues that trial counsel was ineffective for failing to adequately select or prepare character witness T. Quaadman. Appellant asserts that Quaadman's testimony harmed the defense because she stated on cross-examination that her opinion of appellant might change if she knew that he had admitted touching the victim's vagina. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. On redirect examination, counsel elicited favorable testimony from Quaadman. Furthermore, counsel called at least five other witnesses who gave favorable testimony as to appellant's character and reputation. Thus, appellant did not show a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. Accordingly, we conclude that the district court did not err in denying this claim.

Seventh, appellant argues that trial counsel was ineffective for failing to effectively prevent and cure a reference by State witness G. Moore to prejudicial polygraph evidence. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Trial counsel objected and requested a mistrial when Moore mentioned the word "polygraph" in describing his training and experience. On direct appeal, this court concluded that the district court's admonishment to the jury cured any prejudice from this single "polygraph" reference and that a mistrial was not warranted. *Rose*, 123 Nev. at 206-07, 163 P.3d at 416-17. Thus, we conclude that the district court did not err in denying this claim.

Eighth, appellant argues that trial counsel was ineffective for failing to timely object to prosecutorial misconduct during closing argument. Specifically, he contends that the prosecutor improperly referred to him as a "predator," stated that defense counsel used "smoke screens and flat-out deception" and "is trying to fool you," and commented that the victims were "old enough to be believed, to be remembered, and to be given justice." Appellant challenged these comments on direct appeal and this court concluded that the comments were not prejudicial and thus did not amount to plain error. *Id.* at 208-11, 163 P.3d at 417-19. Although appellant appears to contend that his appellate rights were forfeited by counsel's failure to object, he offers no cogent argument as to how a different standard of review on appeal would have affected the outcome of either the trial or the appeal. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, we conclude that the district court did not err in denying this claim.

Finally, appellant argues that the cumulative effect of counsel's deficiencies warrants relief. We conclude that, because he failed

SUPREME COURT
OF
NEVADA

(O) 1947A

6

to demonstrate multiple deficiencies, he failed to demonstrate cumulative error. Thus, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Michael Villani, District Judge
Terrence M. Jackson
Jeff N. Rose
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk