An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN ANTHONY A/K/A STEVEN
GONZALES,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61200

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

First, appellant argues that the district court erred in instructing the jury on voluntary manslaughter because the instruction included an impermissible mandatory presumption. Appellant claims that the instruction relieved the State of its burden to show that the killing was willful, deliberate, and premeditated. The district court enjoys broad discretion in settling jury instructions, and its decision shall be reviewed for an abuse of that discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The instruction given by the district court was a near verbatim recitation of the relevant statute and a correct statement of the law. NRS 200.060. Furthermore, the jury was instructed on the elements "willful," "deliberate," and "premeditated" as well as the burden of the prosecution to establish each element beyond a reasonable doubt. Therefore, we discern no abuse of discretion or error by the district court in giving the instruction.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21554

Second, appellant claims that the district court abused its discretion at the sentencing hearing by basing its sentencing decision on an emotional reaction to the case and appellant. Specifically, appellant argues that the district court's comments demonstrate that the imposed sentence was based upon the judge's own discomfort and disgust and the fact that the judge was offended by appellant. Appellant did not object below, therefore we review the district court's conduct for plain error affecting appellant's substantial rights. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). "A judge is presumed to be impartial." *Rippo v. State*, 113 Nev. 1239, 1248, 946 P.2d 1017, 1023 (1997). In reviewing the record, we conclude that the district court's comments show that the district judge was offended by the facts of the crime committed, and, while harsh, the comments do not demonstrate that the district court judge had closed his mind to the presentation of all the evidence and do not rise to the level of "actual bias or prejudice" under NRS 1.230(1). *See Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998) ("[R]emarks of a judge made in the context of a court proceeding are not considered indicative of improper bias or prejudice unless they show that the judge has closed his or her mind to the presentation of all the evidence."). Therefore, we conclude that appellant failed to demonstrate plain error.

Third, appellant contends that his sentence of life imprisonment without the possibility of parole is unconstitutionally excessive and an abuse of discretion given his lack of significant criminal history. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g.*, *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate

prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). And, regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

We conclude that the district court did not abuse its discretion at sentencing and the sentence imposed is not unconstitutionally excessive or disproportionate to the crime. The sentence imposed is within the statutory parameters, *see* NRS 200.030(4), and appellant does not allege that the statute is unconstitutional. We are not convinced by appellant's argument that the district court relied on impalpable or highly suspect evidence when it noticed and commented on appellant's actions in response to a question, and appellant's sentence is not so grossly disproportionate to his crime as to constitute cruel and unusual punishment.

Having considered appellant's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. David A. Hardy, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk