An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID J. TIFFANY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61014

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

On appeal from the denial of his petition filed on November 23, 2010, and his supplemental petition filed on November 22, 2011, appellant argues that the district court erred in denying his claims of ineffective assistance of pretrial and trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27759

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that his pretrial counsel was ineffective for failing to seek the disqualification of Judge Victor L. Miller and Judge Donald Mosley. Appellant failed to demonstrate deficiency or prejudice. Appellant claims that Judge Miller should have recused himself because he had recused himself in a previous case involving appellant. However, in response to counsel's inquiry, Judge Miller stated that he had recused himself previously because he had knowledge of the victims in that case. Because Judge Miller did not have knowledge of the victims in this case, counsel had no basis to seek his disqualification. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Appellant also claims that Judge Mosley should have recused himself because he was biased, as he denied appellant's motion for expert and investigative fees and expressed concerns about the costs of indigent defense. Appellant failed to demonstrate that Judge Mosley's rulings and comments constituted bias, *see Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998), and thus a motion to disqualify on this basis would not have been successful. Furthermore, to the extent that appellant argues that Judge Mosley improperly denied his motion for investigative fees, he cannot demonstrate prejudice, as this court concluded on direct appeal that the denial of the motion was harmless error in light of the overwhelming evidence of guilt presented at trial. *Tiffany v. State*, Docket No. 49817 (Order of Affirmance, April 13, 2010). Therefore, the district court did not err in denying this claim.

Second, appellant argues that his pretrial counsel was ineffective for failing to lodge objections during the preliminary hearing. Appellant failed to demonstrate deficiency or prejudice, as he did not

explain what objections counsel should have made and how those objections would have affected the outcome of the proceedings. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Third, appellant contends that his pretrial counsel was ineffective for failing to object to the State's supplemental notice of witnesses. Appellant failed to demonstrate deficiency or prejudice, as the notice was timely filed and counsel cannot be deemed ineffective for failing to lodge futile objections. *See* NRS 174.234; *Ennis*, 122 Nev. at 706, 137 P.3d at 1103. To the extent that appellant argues that the notice would have been untimely had counsel asserted his right to a speedy trial, he fails to make any cogent argument on appeal regarding his right to a speedy trial. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Therefore, the district court did not err in denying this claim.

Fourth, appellant contends that trial counsel was ineffective for failing to object to the district court's denial of appellant's motions to reduce bail. This claim is not cognizable in a post-conviction petition for a writ of habeas corpus, as it does not challenge his conviction or sentence. NRS 34.720(1); NRS 34.724(1). Therefore, the district court did not err in denying this claim.

Fifth, appellant contends that trial counsel was ineffective for failing to object to improper questions and testimony at trial. Appellant asserts that counsel should have objected to: (1) J.M.'s speculative testimony about how many times he smoked marijuana with appellant; (2) C.J.'s and K.T.'s testimony about T.T. spending the night in appellant's room, as they lacked personal knowledge; (3) the prosecutor's leading questions of K.T. regarding appellant's signals simulating oral sex; (4) appellant's ex-wife's hearsay testimony about K.T. doing drugs at appellant's house; and (5) the prosecutor's premature use of a written

SUPREME COURT
OF
NEVADA

(O) 1947A

statement to refresh T.T.'s memory about appellant's threats. Appellant failed to demonstrate deficiency or prejudice. The testimony of J.M., C.J., and K.T. was based on their own personal knowledge, and thus any objection would have been unsuccessful. *See Ennis*, 122 Nev. at 706, 137 P.3d at 1103. Counsel did in fact object to the ex-wife's hearsay testimony, and counsel was not unreasonable for failing to object to the prosecutor's improper questions where the testimony itself was admissible. Furthermore, in light of the overwhelming evidence of guilt, appellant could not demonstrate a reasonable probability of a different outcome at trial had counsel made these objections. Therefore, the district court did not err in denying this claim.

Sixth, appellant argues that trial counsel was ineffective for failing to timely move for a psychological evaluation of victim T.T. Appellant failed to demonstrate prejudice. In denying his untimely motion for a psychological evaluation, the district court found that an evaluation was not warranted because the victim's testimony was supported by corroborating evidence and there was no indication that the victim's mental state affected his veracity. *See Abbott v. Nevada*, 122 Nev. 715, 724, 138 P.3d 462, 468 (2006). Therefore, appellant failed to show a reasonable probability of a different outcome had counsel filed a timely motion. Accordingly, the district court did not err in denying this claim.

Seventh, appellant argues that trial counsel was ineffective for failing to permit appellant to meaningfully participate in the preparation of his defense. Specifically, appellant contends that counsel failed to file various motions requested by appellant, failed to communicate with him after the trial, and failed to make a *Brady*[1] request for the victim's school

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

records. Appellant failed to demonstrate prejudice. Appellant did not explain how counsel's failure to file various motions and communicate with appellant after trial affected the outcome of the proceedings. *See Hargrove*, 100 Nev. 498 at 502, 686 P.2d at 225. Appellant's *Brady* claim was rejected by this court on direct appeal, and thus appellant could not demonstrate a reasonable probability of a different outcome but for counsel's alleged failure to request the school records. Therefore, the district court did not err in denying this claim.

Finally, appellant argues that the cumulative effect of ineffective assistance of counsel warrants vacating his judgment of conviction. Because appellant's ineffective-assistance claims lacked merit, he failed to demonstrate any cumulative error. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Doug Smith, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk