# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN LOPAKA DELAPINIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76840

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Appellant Ryan Lopaka Delapinia argues that he received ineffective assistance from trial and appellate counsel. The district court denied his petition without an evidentiary hearing. We affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's

---

[1]We disagree with the State's argument that the district court should have denied several of Delapinia's claims as procedurally barred. Because Delapinia's conviction was not final when this court reversed the deadly-weapon enhancement on his sentences and remanded to the district court to make the relevant findings and resentence Delapinia, the limitations period for his habeas petition did not begin to run on the issuance of remittitur in his direct appeal from the original judgment of conviction. *See* NRS 34.726(1); *Delapinia v. State*, Docket No. 68339 (Order Affirming in Part, Reversing in Part and Remanding, June 17, 2016); *Johnson v. State*, 133 Nev. 571, 573-74, 402 P.3d 1266, 1271-72 (2017) (concluding that the one-year period set forth in NRS 34.726(1) did not begin until after resentencing pursuant to this court's remand).

19-38153

errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts of his or her claims by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Delapinia first argues that trial and appellate counsel should have claimed that the sentencing judge expressed impermissible bias. The sentencing judge described the crime as "pure evil violence" and was incensed at thinking about the risk of a crime like that which Delapinia committed being committed against his daughter. A sentencing judge's remarks do not demonstrate reversible bias where, as here, the "judge was offended by the facts of the crime committed" but has not closed his or her mind to the evidence presented. *Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1170-71 (1998). The judge's comments here show that the judge reacted to the facts of Delapinia's crime, not other irrelevant considerations. Further, the judge's rejection of Delapinia's invocation of his drug addiction as a mitigating consideration as a "cop out" was not impermissible disparagement, but permissible consideration of the facts.

SUPREME COURT
OF
NEVADA

(O) 1947A

The judge stated that drug addiction might be relevant to mitigating Delapinia's robbing the victim, but not his raping her. As he has not shown judicial bias, Delapinia has not shown that trial or appellate counsel performed deficiently in omitting these meritless claims. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. The district court therefore did not err in denying these claims.

Delapinia next argues that trial counsel should have challenged the scope of his resentencing hearing and sought resentencing on the underlying offenses, not merely the deadly weapon enhancements. This court remanded the matter to the district court for further proceedings because the district court did not articulate findings supporting the deadly weapon enhancements. *Delapinia*, Docket No. 68339. On remand, the district court was not permitted to go beyond this court's mandate in remanding the matter and appropriately limited its consideration to Delapinia's use of a deadly weapon. *See State Eng. v. Eureka Cty.*, 133 Nev. 557, 559, 402 Nev. 1249, 1251 (2017) (providing that this court reviews a district court's compliance with our mandate on remand de novo and that the district court must follow this court's directions on remand). Delapinia has not shown that a challenge on this ground was meritorious and thus has not shown that trial counsel performed deficiently in omitting it. The district court therefore did not err in denying this claim.

Delapinia next argues that trial counsel should have presented mitigating evidence regarding his drug addiction, his apology letter in which he alleged that a gang induced him to commit these crimes by threatening him, and his turbulent childhood. The record shows these matters were presented: counsel raised Delapinia's drug addiction and his apology letter during sentencing, the gang allegation was included in the

grand jury transcript, and Delapinia concedes that his hard childhood was addressed in the presentence investigation report. And Delapinia has not shown that further emphasizing these matters would have led to a reasonable probability of a different outcome when the district court already rejected that Delapinia's addiction was mitigating under these facts; counsel discussed the apology letter to argue that Delapinia was taking responsibility for his crime, not to eschew responsibility; and the personal-reference letters included with the sentencing memorandum repel Delapinia's argument that his crime may be explained by childhood abuse, as they attribute Delapinia's crime to his more recent drug addiction. The district court therefore did not err in denying this claim.

Having considered Delapinia's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ C.J.
Gibbons

_____ , J.        _____ , Sr. J.
Stiglich                                          Douglas

cc:    Hon. Kathleen E. Delaney, District Judge
       Resch Law, PLLC d/b/a Conviction Solutions
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.