# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS J. COLLMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77522

FILED

CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction, pursuant to a jury verdict, of first-degree murder by child abuse. Seventh Judicial District Court, White Pine County; J. Charles Thompson, Judge.

In January 1996, Appellant Thomas Collman fatally abused the three-year-old son of his live-in girlfriend. The White Pine District Attorney charged Collman with first-degree murder. A jury found Collman guilty and sentenced him to death. This court affirmed Collman's conviction and sentence on appeal. *Collman v. State*, 116 Nev. 687, 693, 7 P.3d 426, 430 (2000).

Collman timely filed a post-conviction petition for a writ of habeas corpus. The district court granted one of Collman's grounds for relief, finding that the State impermissibly based an aggravating circumstance upon an element of his felony murder conviction. Accordingly, the district court vacated Collman's death sentence and ordered a new penalty hearing. After a three-day penalty hearing, the jury sentenced Collman to life without the possibility of parole. Collman appeals, arguing that: (1) the district court abused its discretion when it denied his motion to exclude evidence, (2) the district court committed a number of plain errors

warranting a new penalty hearing, and (3) cumulative error warrants a new penalty hearing.

This court reviews decisions to admit evidence during a penalty hearing for an abuse of discretion. *Pellegrini v. State*, 104 Nev. 625, 631, 764 P.2d 484, 488 (1988). In imposing a penalty on the defendant, the jury is limited to considering the defendant's "character, record, and the circumstances of the offense." *Browning v. State*, 124 Nev. 517, 526, 188 P.3d 60, 67 (2008). A penalty phase jury may consider the evidence proffered during the guilt phase to determine the appropriate punishment. *Riley v. State*, 107 Nev. 205, 215, 808 P.2d 551, 557 (1991). Any lingering doubt over the defendant's guilt is not part of the jury's consideration. *McKenna v. State*, 114 Nev. 1044, 1059, 968 P.2d 739, 749 (1998).

Collman sought to exclude testimony contained within the certified transcripts of the guilt phase of his trial. He argues the testimony from the victim's mother and medical experts regarding whether a child can die from a short fall, the age of the victim's bruises, and bite mark identification were dubious. Therefore, Collman argues, the district court abused its discretion by admitting it. We disagree.

NRS 175.552(3) grants broad discretion to district courts to admit evidence during a penalty hearing that concerns "aggravating and mitigating circumstances relative to the offense, defendant or victim and on any other matter which the court deems relevant to the sentence." This discretion, however, is not boundless. A penalty hearing jury should not hear dubious or tenuous evidence regarding prior convictions, *Jones v. State*, 101 Nev. 573, 578, 707 P.2d 1128, 1132 (1985), or hearsay "supported solely by impalpable or highly suspect evidence," *Young v. State*, 103 Nev. 233, 237, 737 P.2d 512, 515 (1987).

Having considered the parties' arguments and reviewed the record, we conclude that the admitted evidence was not dubious or tenuous. The proffered evidence concerned aggravating circumstances relative to the victim, Collman, and the underlying offense. Additionally, the admitted evidence is comprised of testimony given by witnesses that were under oath and subject to cross-examination by Collman during the guilt phase of his trial. Accordingly, we conclude that the district court acted within its sound discretion when it admitted the certified transcripts.

We also conclude that the certified transcripts are not hearsay. NRS 51.035(2)(d) expressly states that a transcript of testimony given under oath at a trial, where the declarant is subject to cross-examination, is not hearsay. Therefore, we conclude that Collman had no statutory right to introduce rebuttal evidence under NRS 175.552(3) (permitting the admission of evidence to refute hearsay matters during a penalty hearing).

Regarding Collman's desire to proffer evidence regarding the bite marks present on the victim, we conclude that the district court properly denied the motion. The certified transcripts already contain Collman's cross-examination of the State's forensic odontologist and the rebuttal testimony of Collman's three expert witnesses. Because NRS 48.035(2) permits the exclusion of evidence that has little probative value and is needlessly cumulative, we conclude that the district court acted within its sound discretion.

As to Collman's claim that the district court committed a number of plain errors, we perceive no basis for reversal on that ground. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); *Jeremias v. State*, 134 Nev. 46, 52, 412 P.3d 43, 49 (2018) (observing that

correcting a forfeited error is within this court's discretion). To warrant correction of a forfeited error, the defendant "must demonstrate that: (1) there was an error; (2) the error is plain, meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias*, 134 Nev. at 50, 412 P.3d at 48 (internal quotations omitted).

First, the district court's comments regarding whether the Legislature intended for a statute to be broadened and its comment to Collman to "make it brief" during his closing argument do not demonstrate judicial bias. *Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998) (noting that remarks made by a judge do not demonstrate bias "unless they show that the judge closed his or her mind to the presentation of all the evidence"). Next, the district court properly prevented Collman from asserting his innocence during allocution. *Homick v. State*, 108 Nev. 127, 133-34, 825 P.2d 600, 604-05 (1992) (limiting allocution to "expressions of remorse, pleas for leniency, and plans or hopes for the future," not "the realm of facts or circumstances relating to guilt or exculpation"). Next, the district court did not impermissibly limit Collman's closing argument. Though the district court told him to "make it brief," it permitted him to continue to summarize evidence in the record before the jury.

Finally, we agree with Collman that the district court committed plain error when it mentioned his vacated death sentence during voir dire[1] because that sentence was irrelevant to his new penalty hearing. *See* NRS 175.552(3) (providing that only evidence that is relevant to the

---

[1]Having determined that the district court committed only one error, we reject Collman's cumulative error argument. *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error.").

sentence may be presented during a penalty hearing); *Jeremias*, 134 Nev. at 50, 412 P.3d at 48 (stating the plain error standard). Despite the district court's plain error, we conclude that reversal is not warranted because Collman cannot demonstrate that the error affected his substantial rights. *Jeremias*, 134 Nev. at 50-51, 412 P.3d at 49 ("[A] plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice . . . ."). Collman placed his vacated death sentence before the jury throughout his penalty hearing. He raised the issue during voir dire, during the presentation of his case in chief, and during his allocution. Because Collman repeatedly raised his vacated death sentence, he cannot demonstrate that the district court's statement actually caused him prejudice. Accordingly, we conclude that the district court's error did not affect Collman's substantial rights by causing actual prejudice or a miscarriage of justice.

Having considered Collman's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chief Judge, The Seventh Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
White Pine County District Attorney
White Pine County Clerk