# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARLON BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77962

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree kidnapping with a deadly weapon, assault with a deadly weapon, battery with a deadly weapon constituting domestic violence, battery by strangulation constituting domestic violence, two counts of battery with a deadly weapon causing substantial bodily harm, and six counts of discharging a firearm from or within a structure.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Marlon Brown pleaded not guilty by reason of insanity and raises two main issues related to the district court's decision not to instruct the jury on that defense.[2]

First, Brown contends that because he presented evidence that he was insane at the time of the offense, the district court abused its discretion by not giving an insanity defense instruction. Nevada law

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]Claims of ineffective assistance of counsel should be raised in postconviction proceedings in the district court in the first instance and are generally not appropriate for review on direct appeal. *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 1995). Appellant has not demonstrated that any issues of ineffective assistance of counsel are appropriate for review on direct appeal in the instant case. We therefore decline to address appellant's ineffective-assistance claims.

20-23454

"permits a finding of legal insanity only if at the time of the killing, a delusional state: (1) rendered the defendant incapable of knowing or understanding the nature of his act, *i.e.*, that he was killing a human being, or (2) prevented the defendant from appreciating the wrongfulness of his act, *i.e.*, that the killing was not justified under the law." *Blake v. State*, 121 Nev. 779, 801-02, 121 P.3d 567, 581 (2005) (Becker, C.J., concurring in part and dissenting in part); *see also* NRS 174.035(6) (providing the plea of not guilty by reason of insanity). The insanity defense is "very narrow," and a defendant is entitled to jury instructions on it only if he presents evidence that he acted under a delusion and his "delusion, if true, would justify the commission of the criminal act." *Finger v. State*, 117 Nev. 548, 577, 27 P.3d 66, 85 (2001) (clarifying the standard of legal insanity announced in *M'Naghten's Case*, 8 Eng. Rep. 718, 10 Cl. & Fin. 200 (1843)).

Here, the victim testified that she and Brown were romantically involved. One night, Brown began acting aggressively. When the victim attempted to leave the apartment, Brown threw her down and choked her. Brown then retrieved a firearm and dragged the victim throughout the apartment looking for unknown individuals. Brown repeatedly demanded the victim tell him where the unknown individuals were hiding and ordered her to tell them to come out. Brown shot the victim once in each leg and threatened to kill her and himself. During this incident, before fleeing the scene, he fired several gunshots into a closet and shot out a window in the apartment.

In his case-in-chief, Brown presented evidence that he suffered from post-traumatic-stress disorder as a result of his military service. When settling jury instructions, Brown claimed he acted under the delusion that he was in combat. However, Brown's expert testified that she did not know if Brown thought he was in combat; rather, he believed "bad people"

were in the residence, but not necessarily enemy soldiers. The expert stated that during the incident Brown knew who the victim was and did not consider her a threat. Further, the expert did not know the legal standard for insanity or whether Brown met it.[3] *See Finger*, 117 Nev. at 577, 27 P.3d at 85 ("[W]e stress the need for experts and juries to be correctly advised on the M'Naghten standard."). Thereafter, the district court concluded that Brown had not presented evidence to support facts that, if true, would have justified him seizing, strangling, and shooting the victim or firing gunshots within the residence. *See id.* ("Unless a defendant presents evidence that complies with [the M'Naghten] standard, he or she is not entitled to have the jury instructed on the issue of insanity."); NRS 174.035(6) (providing that "the burden of proof is upon the defendant to establish by a preponderance of the evidence" the insanity defense elements). The record supports the district court's conclusion because the evidence did not show that Brown, even if delusional, believed the victim or hidden people posed an imminent danger that would justify his actions.[4] *Cf. Finger*, 117 Nev. at

---

[3]After viewing a video that depicted part of the incident, the expert testified that Brown did not appear to be looking for anyone hidden in the apartment, and his actions showed aggression, impulse control problems, and poor judgment consistent with post-traumatic-stress disorder. This testimony only supported a diminished capacity defense, which is not recognized in Nevada. *See Crawford v. State*, 121 Nev. 744, 757, 121 P.3d 582, 591 (2005) ("[T]he technical defense of diminished capacity is not available in Nevada."); *see also Diminished Capacity, Black's Law Dictionary* (11th ed. 2019) (defining "diminished capacity" as "[a]n impaired mental condition—short of insanity—that is caused by intoxication, trauma, or disease and that prevents a person from having the mental state necessary to be held responsible for a crime").

[4]Because the evidence did not support instructing the jury on the insanity defense, the district court did not err by precluding Brown from arguing that he was not guilty by reason of insanity. *See Lloyd v. State*, 94

 

576, 27 P.3d at 85 ("Persons suffering from a delusion that someone is shooting at them, so they shot back in self-defense are insane under *M'Naghten*."). Moreover, the expert's testimony that Brown did not consider the victim a threat showed he had an appreciation of wrongfulness. Therefore, we conclude the district court did not abuse its discretion.[5] *See id.* at 577, 27 P.3d at 85 (rejecting the proposition "that any evidence of mental illness or aberration requires the jury to be instructed on the issue of legal insanity"); *see also Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) (regarding jury instructions, "[a]n abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.").

Second, Brown argues that the district court exhibited judicial bias when rejecting his proposed insanity defense. We disagree. Specifically, Brown takes issue with the district court's skepticism about Brown's argument that his conduct would be justified because it would be permitted while clearing a residence in combat. Judges are presumed to be unbiased and the party asserting bias has the burden to present sufficient

---

Nev. 167, 169, 576 P.2d 740, 742 (1978) ("[I]t is improper for an attorney to argue legal theories to a jury when the jury has not been instructed on those theories."). Brown was, however, able to argue that he lacked the mens rea to commit the crimes.

[5]We also conclude Brown's argument that the district court's refusal to instruct the jury on the insanity defense or allow him to argue the theory to the jury violated his federal due process rights lacks merit. As we noted, Brown argued that he lacked the required mens rea but did not meet his burden to prove legal insanity. *See Kahler v. Kansas*, 140 S. Ct. 1021, 1037 (2020) (providing that due process does not require a particular test for legal insanity; rather, determining the relationship between legal insanity and criminal culpability "is a project for state governance, not constitutional law").

grounds to rebut that presumption. *Hogan v. Warden*, 112 Nev. 553, 559-60, 916 P.2d 805, 809 (1996).

Here, the district court had not closed its mind to the consideration of evidence. *See Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998) ("[The] remarks of a judge made in the context of a court proceeding are not considered indicative of improper bias or prejudice unless they show that the judge has closed his or her mind to the presentation of all the evidence."). Rather, when Brown argued that the rules of engagement would justify his actions, the district court commented that no evidence established those rules. The district court's skepticism that a soldier is permitted to shoot an unarmed individual may be seen as a comment on the lack of evidence presented by the defense on the rules of engagement. Thus, Brown has not shown any bias or partiality that would warrant relief where the district court merely discussed the trial evidence and whether any evidence supported Brown's insanity defense. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Michelle Leavitt, District Judge
     Craig Mueller & Associates
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk